BRUNOT, Justice.
 

 This is a proceeding by rule. The rule was submitted to the court on an agreed statement of facts, from which we quote the following:
 

 “The present litigation shall be confined to the determination of the question of the constitutionality vel non of Act 7 of the Third Extra Session of 1935, in so far as it relates to the particular trust in this case.” (Trans, p. 19.)
 

 The court dismissed the rule at the plaintiff’s cost, and the plaintiff appealed from the judgment.
 

 It would have been helpful to us if the trial judge had directly disposed of the question which was presented to the court, and had assigned written reasons for his conclusions, but, be that as it may, the record discloses that Joseph E. Manning died testate on September 25, 1930. He provided in his will for the creation of a trust estate to consist of all of the property he died possessed of. He named the American Bank & Trust Company, of New Orleans, or its successors, the trustee thereof; he appointed said bank, or its successors, the executor of his will, with seizin of his estate, without bond; and he bequeathed to his wife, Mrs. Elizabeth Daly Manning, the life usufruct of his estate. The creation of said trust estate and the appointment of said trustee were made in conformity with the provisions of Act No. 107 of 1920. The will was probated, the trustee named therein was regularly sent into possession of all of the assets of the trust estate on Octo
 
 *897
 
 ber 30, 1930, and has continuously administered said estate, as trustee thereof, since that date.
 

 The provisions of Act No. 7 of the Third Extraordinary Session of the Legislature of 1935, upon which the plaintiff in rule relies, is as follows:
 

 “Section 1. Be it enacted by the Legislature of Louisiana, That Act No. 107 of 1920 be and the same is hereby repealed.
 

 “Section 2. That any beneficiary or beneficiaries under any trust created under said Act 107 of 1920 shall be entitled to a full accounting and immediate delivery of any and all property held by any trustee or trustees appointed under authority of said Act, and as to minors and interdicts this right shall be exercised by their tutors or curators.
 

 “Section 3. That all laws or parts of law in conflict herewith are hereby repealed.
 

 “Section 4. If any section, clause, sentence, paragraph, or part of this Act shall, for any reason, be adjudged by any court of competent jurisdiction to be invalid such judgment shall not affect, impair or invalidate the remainder of said Act, but shall be confined in its operation to the section, clause, sentence, paragraph or part thereof, directly involved in the controversy in which such judgment has been rendered.”
 

 The particularity with which the Legislature preserved the remainder of the act, if a part of it be declared invalid, is suggestive of some fear that section 2 thereof might not withstand the test of its constitutionality.
 

 As we understand the contention of the appellee, it questions the constitutionality of the act only in the event it be held to have a retroactive effect. In that event, it is contended that the act violates section 15 of article 4 of the State Constitution of 1921; Section 10 of article 1 of the Constitution of the United States; the Fifth Amendment of the Constitution of the United States; and the Fourteenth Amendment of the Constitution of the United States.
 

 Section 15 of article 4 of the Constitution of 1921 is as follows:
 

 “No ex-post facto law, nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested, unless for purposes of public utility, and for just and adequate compensation previously paid.”
 

 Section 10 of article 1 of the Constitution of the United States provides that:
 

 “No State shall * * * pass any * * * expost facto Law, or Law impairing the Obligation of Contracts.”
 

 The pertinent part of the Fifth Amendment of the Constitution of the United States is as follows:
 

 “No person shall * * * be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.”
 

 
 *899
 
 The pertinent part of the Fourteenth Amendment of the Constitution of the United States follows:
 

 “Nor shall any State deprive any person of life, liberty, or property, without due process of law.”
 

 The right of the state to regulate inheritance, to prohibit fidei commissa, to control banking corporations, and to abolish trusts is not questioned by the appellee, but its contention is that, when a trust has been legally created, and it is engaged in the actual administration thereof, certain substantial rights are thereby acquired by the trustee, of which he, or it, cannot be divested by the subsequent repeal of the law which authorized the creation of the trust and under the provisions of which law the trust was being administered. On the other hand, the appellant contends that a trust is a mere status, without contractual rights, and that it is terminable at the will of the trustee, or by the repeal, of the law authorizing its creation.
 

 Let us first consider whether or not a trust is terminable at the will of the trustee. Sections 1, 2, 3, 4, 5, and 6 of Act No. 107 of 1920 impose certain obligations upon a trustee. These obligations clearly show that a trustee is far from being a free agent. He cannot, of his own volition, terminate a trust created under the provisions of said act. He must first meet the conditions imposed by the act before he can resign the trusteeship. We quote from the act the following:
 

 “With the written consent of all beneficiaries or their legal representatives or by order of the court after due notification to all of the parties in interest, and for
 
 good' cause shown,
 
 any Trustee may resign his Trusteeship, and upon due accounting to the
 
 successor Trustee and to the
 
 beneficiaries shall be relieved of further obligations in relation to the trust.” Section 5. (Italics by the court.)
 

 It is apparent to us that the relationship of the trustee to the creator of the trust is a contractual one within the meaning-of the famous case of Trustees of Dartmouth College v. Woodward, 4 Wheat. 518, 4 L.Ed. 629, and, being a contractual relationship within the meaning of that case, the trustee, upon accepting the trust, acquires substantial rights of which he cannot be divested by a repeal of the law authorizing the creation of the trust. A number of authorities have been cited by the appellant, appellee, and amici curiae, who have filed briefs in the case. We do not consider it necessary to review and attempt to point out the particular facts upon which the various opinions are primarily based, for we find that, under the facts of this case, the jurisprudence of the United States is in accord with our conclusion, that rights once legally established cannot be divested by the repeal of the law authorizing their creation.
 

 For the stated reasons, the judgment appealed from is affirmed at appellant’s cost.
 

 O’NIELL, C. J., absent.