173 So. 111

**Succession of FORSTNER.**

No. 33886.

Feb. 1, 1937.

Rehearing Denied March 1, 1937.

Richard A. Dowling, of New Orleans, for Hillary Mitchell Wolbrecht.

Rosen, Kammer, Wolff & Farrar and Nolan Kammer, all of New Orleans, for Whitney Nat. Bank of New Orleans, trustee.

FOURNET, Justice.

This is a suit instituted by the tutor of his minor children to dissolve a trust created by the will of Mrs. Catherine Forstner Wolbrecht in favor of his wards, on the ground that the law creating trust estates and trustees in the State of Louisiana, Act No. 107 of the Legislature of 1920, was repealed by Act No. 7 of the Third Extra Session of the Legislature of 1935.

The Whitney National Bank, as trustee, excepted to the petition of the tutor on the ground that it disclosed no right or cause of action, in that the trust, under decedent's will, was in existence prior to the time that Act No. 7 of the Third Extra Session of the Legislature of 1935 became a law.

The lower court maintained the exceptions of no cause or right of action, and from that judgment the plaintiff has appealed.

Mrs. Catherine Forstner Wolbrecht died testate, in the city of New Orleans, on January 26, 1935. She was survived by her husband, Hillary M. Wolbrecht, and

four children, viz., Catherine Wolbrecht, Forstner Wolbrecht, John Wolbrecht, and Hillary Wolbrecht, Jr. The latter two are minors and their father qualified as their tutor. The testatrix left a will, olographic in form, dated February 21, 1934, wherein she created a trust of the minors' share in her estate and designated the Whitney National Bank as trustee. The will was duly filed for probate; the Whitney National Bank of New Orleans qualified as trustee on January 10, 1936; and on January 24, 1936, this proceeding was filed.

We had for consideration the case of Succession of Joseph E. Manning, reported in 185 La. 894, 171 So. 68, 70, the status of a trust created under the provisions of Act No. 107 of 1920, where the trustee had qualified and was functioning as such prior to the adoption of Act No. 7 of the Third Extra Session of 1935, and we held that "rights once legally established cannot be divested by the repeal of the law authorizing their creation."

Counsel for appellant contends that the decision in the Manning Case is not applicable to the case at bar because the repealing act became effective before the trust had been accepted by the trustee and that the trustee acquired no rights at the time the law became effective.

In the Succession of Marion, 163 La. 734, 112 So. 667, 670, the portion of a will, which created a trust, was attacked because the Constitution of Louisiana of 1921 (article 4, § 16) placed a restriction on the power of the Legislature to create trust estates or fidei commissa, but the court held that the constitutional restriction could have no effect in that case because the decedent had died before the adoption of the Constitution and all rights under the will became vested by the death of the testatrix. In that case the court said:

"Since the adoption of the present Civil Code in 1870, three acts have been passed by the Legislature permitting the creation of fidei commissa or trusts, the first of which is Act 124 of 1882; the second, Act 72 of 1918; and the third, Act 107 of 1920. Section 16 of article 4 of the Constitution of 1921 imposes a restriction on the power of the Legislature to authorize the creation of trust estates or fidei commissa, but the acts cited above are not out of accord with this restriction, at least in so far as they may affect this case, and, moreover, the constitutional section cited can have no effect here, because *all rights under the will became vested by the death of the testatrix* before the Constitution of 1921 became effective." (Italics ours.)

When the testatrix made her will on February 21, 1934, unquestionably she had a perfect legal right to create a valid testamentary trust under the provisions of Act No. 107 of 1920, and at the time of her death, January 26, 1935, Act No. 107 of 1920 was still in full force and effect. In fact, Act No. 7 of the Third Extra Session of 1935 was not passed by the Legislature until July 8, 1935, and became law twenty days thereafter. Therefore the status of the rights of those claiming under the will of the testatrix was fixed and became vested by the death of the testatrix before Act No. 7 of the Third Extra Session of 1935 became effective.

This necessarily brings up for consideration whether or not the trust must fail because the trustee did not qualify prior to the adoption of the repealing act.

The primary object of Act No. 107 of 1920 was to permit and authorize the creation of trusts and the administration in trust of the legitime of forced heirs by donations mortis causa or inter vivos, provided individuals or banks conducting savings, safe deposit, and trust banking business were designated as trustee by the donor. While the act provided for the designation of the trustee, nevertheless the object of such designation or selection by the donor was incidental to and complementary to the main object. The act does not provide either for the acceptance of the trust by the trustee or for an order of court confirming the appointment made by the donor, but simply prescribes certain requirements for the qualification of the trustee. The lawmakers recognized the possibility or probability of designated trustees declining or failing to qualify and made provisions that, in such event, the court having jurisdiction should appoint a trustee to carry out the will of the donor.

If the trustee in a case involving the same facts as those in the Succession of Manning, supra, was to resign or be removed, no one would doubt that the trust could not thereby be defeated for the want of a trustee and that the court having jurisdiction would appoint a successor.

We are of the opinion that the rights of the trustee in this case became fixed by the death of the testatrix, just as much so as those rights of the beneficiaries and the legatees under the will, and it is immaterial whether the bank qualified before or after the passage of Act No. 7 of the Third Extra Session of 1935.

For the reasons assigned, the judgment of the district court, maintaining the exceptions of no cause or right of action, is affirmed at appellant's costs.

LAND, J., dissents.