**196 So. 330**

**HAGERTY v. CLEMENT et ux.**

**No. 35645.**

April 29, 1940.

Henry C. Vosbein and Clem H. Sehrt, both of New Orleans, for plaintiff, appellant.

McCloskey & Benedict, John J. McCloskey, and Bernard J. McCloskey, all of New Orleans, for defendants, appellees.

ROGERS, Justice.

Mrs. Wilhelmina Schwartz, widow of John McCloskey, died at her domicile in the City of New Orleans on April 15, 1931, leaving a will executed in olographic form, disposing of her large estate, which consisted of cash, bonds, stocks, mortgage notes, household furnishings, jewelry and real estate, and creating a trust in favor of her minor grandchildren. Her succession was opened in the Civil District Court for the Parish of Orleans, and the will was proved and registered according to law. The trustees named in the will declined to serve, and Mrs. Laura McCloskey Clement, the daughter of the testatrix, was appointed by the district court as trustee under the terms of the will.

The trust created by the decedent in the will for her three minor grandchildren,

William McCloskey Hagerty, Eleanor May Hagerty and John B. Hagerty, reads as follows:

"I give and bequeath to my daughter Louisa McCloskey Clement one-half of all the property that I die possessed of; the remainder of my property I give to my grandchildren William McC. Hagerty, Eleanor May Hagerty and John McC. Hagerty, in equal proportions, creating a trust for their account under the provisions of Act 120 of 1920, that property bequeathed my grandson William and my Granddaughter Eleanor May to be delivered to them by the trustees hereinafter appointed to carry into effect this trust upon the expiration of ten years from the date of my death; that the property bequeathed to my grandson John to be delivered to him by the trustees hereinafter appointed upon the expiration of ten years from his reaching the age of majority.

"I appoint my son-in-law William E. Clement, and nephew John J. McCloskey trustees to carry into effect this trust giving and granting to said trustees full power to collect and invest the income of said property herein bequeathed to my grandsons and granddaughter directing my said trustees to pay said income in monthly installments to said grandsons and granddaughter."

John B. Hagerty, plaintiff and one of the beneficiaries, reached the age of majority on January 11, 1932. Under the terms of the trust, the trustee was directed to deliver the property to John B. Hagerty on January 11, 1942. However, prior thereto, the trustee, the plaintiff, and the other

two beneficiaries, all being of age, executed four agreements whereby they partitioned, sold and exchanged the common property, each receiving his pro rata share thereof under the terms of the will. About four years after the execution of those instruments, the plaintiff, claiming that he had "lost or otherwise disposed of his entire inheritance, and is presently destitute," brought this suit against the trustee, Mrs. Laura McCloskey Clement, and William E. Clement, her husband, seeking to reconstitute the trust estate and asking for damages for breach of the trust. Plaintiff alleged that the agreement to terminate the trust before the ten year limitation is void and contrary to public policy. Plaintiff also asked for judgment for the value of the trust property which he claims was fraudulently purchased or exchanged by the trustee in violation of the law prohibiting contracts between a fiduciary and his ward.

The defendants averred that the transactions were free from fraud; that an agreement to terminate a trust prematurely by consent of the parties is legal; and, in the alternative, that if it is not, plaintiff is estopped from setting aside the transactions without making restitution of that which he had received as a result thereof, since transactions entered into between a trustee and a beneficiary are not void but merely voidable.

The case was referred to a commissioner who, after a full discussion of the facts and law, recommended the dismissal of the suit, on the ground that the transactions were free from fraud, that the beneficiary was under no incapacity, and that there-

fore the transactions could not be set aside and the trust reconstituted before restitution had been made of what the beneficiary had received. Plaintiff's opposition to the report of the commissioner was overruled and judgment was rendered by the court below approving the report and dismissing plaintiff's suit. Plaintiff is appealing from the judgment.

The findings of fact of the commissioner, which were approved by the trial judge, show that the plaintiff, John B. Hagerty, is a grandson of the late John McCloskey and the late Wilhelmina Schwartz McCloskey. Plaintiff's grandfather died in 1927, leaving only community property. Surviving him were his widow in community, Mrs. Wilhelmina Schwartz McCloskey, a daughter, Mrs. Laura McCloskey Clement, and three grandchildren, viz., William M. Hagerty, Eleanor May Hagerty, and the plaintiff, John B. Hagerty. Plaintiff inherited from his grandfather an undivided interest in certain real estate, stocks, bonds and mortgage notes, subject to the usufruct in favor of his grandmother. Mrs. Wilhelmina Schwartz McCloskey died on April 15, 1931, leaving a will reading in part as we have hereinabove set forth. The undivided one-sixth interest, which was left to plaintiff in trust under the provisions of his grandmother's will was (with unimportant exceptions) an undivided interest in the same property in which plaintiff already owned an undivided interest inherited from his grandfather. Among this property were five pieces of real estate situated in the City of New Orleans. The usufruct enjoyed by plaintiff's grandmother was terminated by her death, at which time plain-

tiff became vested with a full and unencumbered undivided interest in the property inherited from his grandfather, together with an undivided interest therein burdened with the trust imposed by the will of his grandmother. This was also the case with respect to plaintiff's brother William McCloskey Hagerty, and his sister, Eleanor May Hagerty. On the refusal of the two trustees named in the will to serve, the district court appointed the defendant, Mrs. Laura McCloskey Clement, trustee, and she qualified as such.

As it was inconvenient to partition all the property and thereby segregate the trust estate, all interested parties agreed that Mrs. Clement should administer the entire property, her administration being as trustee of the undivided interests burdened with the trust and as agent and attorney in fact of the heirs with respect to their unencumbered interests. Mrs. Clement herself owned an unencumbered half interest in the property which she had inherited from her parents, John McCloskey and Wilhelmina Schwartz McCloskey.

Mrs. Clement administered the property as trustee and as agent from 1931 until September 15, 1933, distributing the monthly income among the beneficiaries and heirs. Her administration during this period has not been questioned.

The trust estate created under the will of Mrs. Wilhelmina Schwartz McCloskey was terminated by agreement between the trustee and the beneficiary, evidenced by four separate notarial acts. The stocks and bonds were partitioned in kind on September 15, 1933. Two pieces of real estate

were exchanged on September 31, 1934. The mortgage notes were disposed of by an act of sale and exchange executed on February 18, 1935. The remaining pieces of real estate were disposed of by an act of exchange between plaintiff and his brother and sister on September 13, 1935.

The commissioner found that there was no basis for plaintiff's complaint that he was induced to agree to a termination of the trust through the instigation and supplication of the defendant, Mrs. Clement, or that she had practiced any fraud upon him in connection with the sales and exchanges of the properties that were burdened with the trust. The commissioner found that plaintiff himself had suggested and insisted upon the termination of the trust. Plaintiff desired more income and he was possessed with the thought that he could manage his share of the property to better advantage than the trustee. Plaintiff's brother and sister, his co-beneficiaries under the trust, were not desirous of terminating it and the trustee, Mrs. Clement, was at first opposed to such termination. She was in ill-health at the time and was very much annoyed by plaintiff's complaints that the trust estate was not producing sufficient income and his insistence that it be terminated. Mrs. Clement proposed that she would resign and that some bank could be appointed trustee in her stead. This proposition was not acceptable to plaintiff and finally, Mrs. Clement, yielding to his demands, agreed to a termination of the trust upon being advised by her attorney that this could be done safely by agreement between her and the beneficiaries.

Plaintiff was fully emancipated by judgment of court on April 26, 1931, the judge after the usual examination, certifying that plaintiff was fully capable of managing his own affairs. Plaintiff reached the age of majority on January 11, 1932, and consequently, was of full age and was not suffering from any legal incapacity at the time he brought about the termination of the trust.

In asking that the trust estate be reconstituted, it was impossible for plaintiff to restore to the trust estate any of the property received by him or its value, and therefore he made no effort to do so. At the time of filing this suit, plaintiff had gambled away or lost by speculation all the property left to him by both his grandfather and grandmother and was dependent for his sustenance upon his sister.

As trusts are not known to the modern civil law, private trusts in Louisiana were not recognized (Marks v. Loewenberg, 143 La. 196, 78 So. 444, citing Article 1520 of the Civil Code), until the legislature, by the adoption of Act 107 of 1920, authorized them for a limited term only. Act 107 of 1920 was repealed by Act 7 of 1935, 3d Ex.Sess., wherein the beneficiaries under existing trusts were granted the right to ask for a full accounting and immediate delivery of any and all property held in trust. In two cases reaching this Court, the repealing statute was held to be unconstitutional in so far as it applied to trusts already in existence. Succession of Manning, 1936, 185 La. 894, 171 So. 68; Succession of Forstner, 1937, 186 La. 577, 173 So. 111. Those decisions hold that a trustee under Act 107 of 1920 was vested

with substantial rights which could not be divested by the repeal of the law authorizing the creation of the trusts. Three years after the repeal of Act 107 of 1920, the legislature adopted a comprehensive act covering the subject of trusts. This act, which is known as the Louisiana Trust Estates Act, specifically provides that it is not to apply to existing trusts. See Act 81 of 1938.

The trust under review in this case was created in accordance with the provisions of Act 107 of 1920 and was terminated before the repeal of the statute. Under the provisions of Act 107 of 1920, the trust term could not exceed ten years after the minor beneficiary reached his majority. Although the effect of the adoption of Act 107 of 1920 was to introduce the institution of private trusts to the people of this State, the act itself was drafted without regard to the principles governing such trusts under the common law and without any attempt being made to correlate such trusts with the background of the civil law. It seems the principal object of the framers of the act was to enlarge the trust business conducted by the banks by making it plain that the creation of trusts was authorized for that purpose. The act contains a number of provisions wholly favorable to banks engaged in the trust business. Other than to authorize the trustee to administer the trust property in conformity to the directions contained in the instrument creating the trust, and conferring upon the trustee, unless prohibited by the terms of the trust instrument, the discretionary right to alienate or encumber the trust property, no

attempt is made in the act to define or limit the duties or powers of the trustee, the beneficiary, or the creator of the trust.

If it be conceded, without so deciding, that the termination of the trust created by the will of Mrs. Wilhelmina Schwartz McCloskey by the agreement between the beneficiary and the trustee was not within the contemplation of the sketchy provisions of Act 107 of 1920, nevertheless, the question persists as to whether the beneficiary, who has demanded and insisted that the trustee breach the trust for his benefit and who has actually reaped the benefit of such breach, can repudiate the act of the trustee and hold her liable therefor. We think he can not.

Plaintiff has squandered his inheritance which he received, in good faith, from his trustee, and he now takes the position that he should be relieved of his folly at the expense of the trustee without offering to restore any of the benefits he has enjoyed. Plaintiff's position is not supported by either law or equity.

The result of the decisions of the courts of many states, in cases arising under trust statutes having a wide scope, has been the formulation of the following general rule relative to the relief of the trustee from liability, viz.—"A cestui que trust may authorize the trustee to perform an act which would otherwise be a breach of trust and thereby estop himself from holding the trustee liable therefor, and even though an act of the trustee is unauthorized and constitutes a breach of trust, it may be so acquiesced in, confirmed, or ratified by the cestui que trust as to estop him from

repudiating it and attempting to hold the trustee liable * * *." Verbo, Trust, 65 C.J., § 527, p. 663.

■ In 2 American Law Institute's Restatement of the Law of Trusts, § 342, subd. e, p. 1055, which is the basis of the Louisiana Trust Estates Act of 1938, appears the following statement of the general rule: "If by the terms of the trust it is provided that the income shall be paid to the beneficiary until he reaches a certain age and that the principal shall be paid to him when he reaches that age and if no other persons have an interest in the trust property and the beneficiary is not under an incapacity, although the beneficiary cannot compel the termination of the trust before he reaches the specified age (see sec. 337, Comment j), yet if the trustee transfers the trust property to the beneficiary before he reaches that age, the trust is terminated and the trustee is under no liability for making the transfer." The practical operation of the rule is set forth in the illustration following its statement, viz.—"A bequeaths property to B in trust to pay the income to C until C reaches the age of forty years, and to pay the principal to C when he reaches that age. There is no other beneficiary who has any interest under the trust, vested or contingent. C is twenty-one years old. B transfers the trust property to C. The trust is terminated. C can retain the property, and cannot hold B liable for breach of trust in making the transfer."

The rule and the illustration thereof set forth in the Restatement of the Law of Trusts, as adopted and promulgated by the American Law Institute, is particularly applicable to the trust under review in this case. If, in the Illustration, Mrs. Wilhelmina Schwartz McCloskey, the testatrix, is substituted for "A", Mrs. Laura McCloskey Clement, the trustee, is substituted for "B", and John B. Hagerty, the beneficiary, is substituted for "C", its analogy to the situation disclosed by this record is perfect. Unquestionably, if plaintiff had retained the trust properties transferred to him, he could not hold the defendant, Mrs. Clement, liable for making the transfer.

■ The fact that it suited plaintiff's purpose to risk the trust properties or their proceeds in speculative and gambling ventures does not alter the application and effect of the rule and its accompanying illustration. On the contrary, that fact not only brings the case within one of the reasons for the adoption of the rule, but also within the operation of the further rule, that a beneficiary cannot obtain the annulment of a settlement with his trustee who has acted honorably and reasonably in making the settlement, if he is unable to return the trust property. That rule is stated in Bogert on Trusts, Hornbook Series, § 99, p. 336, as follows: "If the cestui has the transaction with the trustee set aside, of course he must return any consideration paid by the trustee to him." Plaintiff has not cited any authority to the contrary, except that he likens a beneficiary under a trust to an incapacitated person and he cites Articles 1793 and 2239 of the Civil Code and the case of Rist v. Hartner, 44 La.Ann. 430, 10 So. 759, as authority for the proposition that an incapacitated person is not required to return any consider-

ation received under a contract afterwards invalidated on account of such incapacity, unless it should appear that the consideration so received was applied to the necessary use or benefit of the incapacitated person. The short answer to that proposition is that a beneficiary under a trust is not such an incapacitated person. See 10 R.C.L., Estoppel, § 85, p. 769; 3 Bogert on Trusts and Trustees, § 544, p. 1731.

In this case, the beneficiary was of full age, not under interdiction, and was not suffering from any incapacity whatever when he demanded and obtained from his trustee a transfer of the property subject to the trust.

If there was ever a case calling for the application of the principles enunciated by the rules to which we have referred, this appeals to us as such a case. There is nothing in the provisions of Act 107 of 1920 authorizing merely the creation of a simplified short-term trust, which was in effect at the time the trust in question here was created, that prohibited its termination by agreement between the beneficiary and the trustee, who were of legal age and competent to act. And, certainly, if the trust authorized by the legislative act was wholly non-technical in character, which it was, the manner of its termination also should be invested with the same attribute. Moreover, the fact that the framers of the well-prepared piece of legislation, known as the Louisiana Trust Estates Act of 1938, considered it necessary to include among its numerous features a provision forbidding the termination of trusts by consent, clearly indicates their view that the new rule was necessary to make the trust device more effective than the simple instruments of trust drafted under the authority of the previous statute.

Clamoring for the return, or its value, of the property which he had received from his trustee, the plaintiff is now complaining that Mrs. Clement, his trustee, did just what he demanded and insisted she should do. His complaint is ungracious, and manifest injustice would be done Mrs. Clement and her husband, the defendants, if it was maintained and the defendants were judicially compelled to respond to plaintiff's demands.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., does not take part.