MINNIE BEHL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

FLORENCE BEHL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 7042, 7043. Promulgated December 31, 1946.

*LeDoux R. Provosty, Esq.*, for the petitioners.
*D. Louis Bergeron, Esq.*, for the respondent.

OPINION.

HILL, *Judge*: A brief restatement of the significant facts will perhaps present in bolder relief the unusual and interesting questions raised by the contentions of the parties. The final account of the executors of the estate of A. F. Zimmerman was approved by order of the Ninth Judicial District Court of Louisiana on May 23, 1939, and by such order the Guaranty Bank & Trust Co. and J. W. Beasley, as trustees, were "sent into possession" of the assets of the estate. The executors failed to file the Federal estate tax return on or before June 12, 1939, as required by law, and interest on the estate tax accrued from that date.[1] In January and June 1941 the bank and Beasley paid the estate taxes, penalties, and interest, and on the books they kept as trustees of the residuary estate of the decedent taxes and penalties were charged to corpus. In determining distributable income for Federal income tax purposes, the interest paid was deducted from gross income. Respondent's disallowance of that deduction resulted in an increase of the reported amount of income distributable to each of the petitioners, and the correctness of the disallowance is the subject of this controversy.

At the hearing respondent stated as his position that the interest "should have been charged to corpus and is not under a deductible expense, either as an ordinary and necessary business expense or as a non-business expense to either of the beneficiaries in this case. That it is not properly deductible as interest paid by the beneficiary in view of the fact that it is our contention that it was an interest payment on a tax due by a third party, which was the estate of Zimmerman." Respondent now seeks to uphold the disallowance exclusively on the ground that under the Trust Estates Act of Louisiana interest paid

---

[1] See sec. 822, I. R. C.

by testamentary trustees on a deficiency in estate tax is chargeable to corpus and does not reduce distributable income.

Petitioners' position likewise rests upon the law of Louisiana. They contend that the question presented is essentially whether each of them may deduct under section 23 (b), Internal Revenue Code,[2] her allocable portion of the interest paid by the bank and Beasley. This contention presupposes, as petitioners in fact argue, that, although the bank and Beasley acquired the assets of the estate as trustees under the court order, administered the assets in conformity with the terms of decedent's will relative to the testamentary trust, kept books and rendered accounts as trustees, and filed a nontaxable fiduciary Federal income tax return, their payments of the interest in question were made as the agents of the residuary legatees and not as executors or trustees. It is pointed out that their final account as executors of the estate had been approved more than a year prior to the dates of the interest payments and that when decedent died on March 12, 1938, there was no Louisiana law under which the testamentary trust provided for by him could be created. Petitioners assert that for the latter reason the estate property was not held in trust prior to October 23, 1941, when they themselves made a declaration of trust.

If the petitioners' premises are valid, it seems clear that they, as tranferees of decedent's estate, are entitled to the income tax benefit of the interest payments on the authority of our recent decision in *Robert L. Smith*, 6. T. C. 255, even though on their individual income tax returns this benefit was claimed through reduction of distributable income rather than by a deduction of interest under section 23 (b). If, on the other hand, respondent is correct in his statement of the issue presented, which assumes that the interest was paid by trustees and not by petitioners through their agents, he will prevail only if under the applicable Louisiana law the interest was not properly chargeable to trust income. Accepting respondent's assumption as correct, we hold that the interest paid was properly chargeable by the trustees to income, and not to corpus, and that the 1941 taxable net income of each of the petitioners should therefore be reduced accordingly. It is thus unnecessary to consider the contentions of petitioners with respect to the existence of the trust at the time of the interest payments.

Respondent concedes that the issue as stated by him was decided adversely to his position here in *Commissioner* v. *Pearson*, 154 Fed.

---

[2] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\*　　　\*　　　\*　　　\*　　　\*　　　\*

(b) INTEREST.—All interest paid or accrued within the taxable year on indebtedness, except on indebtedness incurred or continued to purchase or carry obligations (other than obligations of the United States issued after September 24, 1917, and originally subscribed for by the taxpayer) the interest upon which is wholly exempt from the taxes imposed by this chapter.

(2d) 256, affirming 4 T. C. 218, with respect to Pennsylvania law, and in *Commissioner* v. *Wade*, 155 Fed. (2d) 918, affirming 5 T. C. 394, with respect to Ohio law. Respondent states, however, that the law of Louisiana, "based as it is on the French Civil law, does not necessarily resemble the common law of jurisdictions such as Ohio and Pennsylvania." It is then pointed out that the applicable sections of the Louisiana Trust Estates Act, being subsections 1 and 2 of section 78 of Act #81, Acts of 1938, are identical with the first and second provisions of section 12 of the Uniform Principal and Income Act, 9 U. L. A. 593, 602. These sections of the Louisiana statute, found at § 9850.78, Dart's Louisiana General Statutes, are as follows:

Expenses—Trust estates.—(1) All ordinary expenses incurred in connection with the trust estate or with its administration and management, including regularly recurring taxes assessed against any portion of the principal, water rates, premiums on insurance taken upon the estates of both income beneficiary and principal beneficiary, interest on mortgages on the principal, ordinary repairs, trustee's compensation except compensation computed on principal, compensation of assistants, and court costs and attorneys' and other fees on regular accountings, shall be paid out of income. But such expenses where incurred in disposing of, or as carrying charges on, unproductive property as defined in section 77 [§ 9850.77], shall be paid out of principal, subject to the provisions of subsection (2) of section 77 [§ 9850.77].

(2) All other expenses, including the trustee's compensation computed upon principal, cost of investing or reinvesting principal, attorney's fees and other costs incurred in maintaining or defending any action to protect the trust or the property or assure the title thereof, unless due to the fault or cause of the income beneficiary, and costs of, or assessments for, improvements to property forming part of the principal, shall be paid out of principal. Any tax levied by any authority, federal, state or foreign, upon profit or gain defined as principal under the terms of subsection (2) of section 69 [§ 9850.69] shall be paid out of principal, notwithstanding said tax may be denominated a tax upon income by the taxing authority.

Interest on estate tax deficiencies of the settlor's estate is obviously not explicitly and unequivocally referred to as such in the quoted statute. Moreover, there has not been suggested to us and we have not discovered any judicial decision construing as to such interest expense either these sections of the Louisiana act or the identical provisions of the statutes of the 12 other states which have adopted the Uniform Principal and Income Act. We are, therefore, faced with a problem of statutory interpretation, one which under the circumstances we hesitate to attempt to solve without a review of the background and legislative history of the Louisiana Trust Estates Act.

Prior to the effective date of the Louisiana Constitution of 1921, article 1507 (later article 1520) of the Louisiana Civil Code prohibited and nullified any transfer of property whereby the transferee was required to hold for the benefit of or to return such property to a third person. Dart, Louisiana Civil Code, ch. 4, § 1520. This prohibition,

made "in the interest of public order [and] to preserve the simplicity of titles," was interpreted by the Louisiana courts as precluding the creation of the trust estates of the English chancery system as well as of the substitutions and *fidei commissa* of the Roman, Spanish, and French laws. See *Succession of Franklin*, 7 La. Ann. 395. Act #107 of the Louisiana Acts of 1920 repealed the Civil Code prohibition by providing for the creation of trust estates the life of which did not extend beyond 10 years after the death of the settlor. See 6 Dart, La. Gen. Stats., § 9822, and annotations thereto. That act was in turn repealed by Act #7 of the Third Extraordinary Session of 1935, which was approved and became law on July 8, 1935. This repealing act was held, in *Succession of Manning*, 185 La. 894; 171 So. 68, to be unconstitutional in so far as it related to existing trusts, since a beneficiary's rights in a testamentary trust became fixed under Louisiana law at the testator's death and were beyond legislative abrogation. See also *Succession of Forstner*, 186 La. 577; 173 So. 111; *Succession of Marion*, 163 La. 734; 112 So. 667. Section 16 of article 4 of the Louisiana Constitution of 1921, which is still in effect, provides that "no law shall be passed * * * authorizing the creation of * * * trust estates; except that the Legislature may authorize the creation of trust estates for a period not exceeding ten years after the death of the donor; * * *" In *Daugherty* v. *Canal Bank & Trust Co.*, 154 So. 681, 686, this section of the constitution was held to contemplate "the tenure, which trusts imply and have under the common law as recognized in England and the United States." The constitutional authorization for the creation of trusts was thus recognized in that case, as it had been earlier in *Wilbert* v. *Wilbert*, 155 La. 197; 99 So. 36, as representing a fundamental departure from the theory of the Civil Code, the deviation constituting the adoption of a common law concept. Pursuant to the constitutional authorization, the Louisiana Legislature passed the Trust Estates Act, which became effective on July 22, 1938. It is this law which respondent construes as requiring testamentary trustees to charge payments of interest on estate tax deficiencies to corpus rather than to income.

We think it is clear from the above discussion that respondent errs in his suggestion that the statutory provisions set forth above may not be construed in the light of the principles governing the administration of trusts under the common law of England and the United States. To the contrary, we are convinced that these sections very closely follow the common law of trusts as it has been developed in this country. Such a conclusion finds support in the fact that comments (e) and (f) to section 233 of the Restatement of the Law of Trusts contain, respectively, words nearly identical with those of the two quoted subsections of the Louisiana law. We note also that the

authoritative texts on trust law and the Louisiana act are to the same general effect with respect to nearly every one of the items specifically dealt with by the Louisiana legislature. See 4 Bogert, Trusts and Trustees, § 802, et seq.; 2 Scott on Trusts, ¶ 233; 2 Perry on Trusts and Trustees, § 554; 1 Nossaman, Trust Administration and Taxation, ch. XVIII. It seems inescapable that, except where clear expression was made to the contrary, the legislative intent determinative of the question here was in accord with the body of trust law prevailing generally in the United States.

We have found no basis for the conclusion that either the common law or the statute applicable here is to a different effect as to the item in question from that of the local law governing the decisions in the *Pearson* and *Wade* cases. In the Circuit Court opinions in those proceedings the reasons for charging interest on estate tax deficiencies to income of the testamentary trust are forcibly stated. See also *Penrose* v. *United States*, 18 Fed. Supp. 413 (E. Dist. Pa.). The common law recognized that carrying charges and ordinary expenses incurred in the maintenance of the corpus should be borne by the income beneficiary, since his benefits were thereby perpetuated.[3] Where corpus is maintained by the trustee's failure to discharge a capital debt of the trust, the remainderman benefits not at all, since his interest will inevitably be reduced by the amount of the debt before or after it vests in enjoyment. For that reason, not he, but the recipient of the income from the money owned, bears the cost of the temporary swelling of the corpus. In this case the delay in paying the estate taxes and penalties made substantial amounts available to the trust for the production of income. The interest paid as the cost of making such amounts available is properly chargeable under common law principles to the account of the income beneficiary.

We find in the quoted subsections of the Trust Estates Act indications of agreement rather than conflict with the common law rule. Respondent argues that subsection (1) can not apply to the interest expense, since it is part of the estate tax, which is not one of the "regularly recurring taxes" which the section requires to be paid out of income. We think the argument involves at least one fallacious premise. It is true that section 891 of the Internal Revenue Code provides that interest on estate tax deficiencies shall be collected as part of the tax, but we have held that interest on a tax is something different from the tax, even though it is collected in the same manner. *Capital Building & Loan Association*, 23 B. T. A. 848; *Penrose* v. *United States*, *supra*. Subsection 1 of section 78 of the Trust Estates Act does specifically require that interest on mortgages on the trust principal be charged

---

[3] A settlor's direction to the contrary is, of course, controlling. See, e. g., *Mosley* v. *Marshall*, 22 N. Y. 200, and *Beeton* v. *Simpson*, 48 N. J. Eq. 17. Decedent's will contained no direction as to the allocation of trust expenses.

to income. Noting that the act appears to contemplate that, in the absence of express direction of the settlor, a trust shall not be indebted other than on mortgage,[4] we think it may be inferred that interest generally is one of the "ordinary expenses" within the scope of subsection 1 and is, therefore, a charge upon income. As indicated above there is sound, practical reason for such a view and we find it in accord with the common law principles which seem not to be contradictory to the statutory enactment. We conclude, therefore, that if the interest payments in question were made by trustees, as respondent contends, they are properly chargeable by them to the income from the corpus and, thus, properly reduced the amount distributable to the beneficiaries. Petitioners are thus entitled to the income tax benefit of the interest payments and the respondent's disallowance of the deduction therefor can not be sustained. We so hold.

Because of other adjustments made by respondent, but not contested here,

*Decisions will be entered under Rule 50.*

---

[4] See 6 Dart, Louisiana General Statutes, §§ 9850.48 and 9850.78.