SAVOY, Judge.
This suit was instituted by the governing authority of St. Martin Parish, Louisiana, against the defendants for an injunction enjoining said defendants from obstructing or blocking a public road in said parish.
After issue was joined and a trial had, the district court granted the injunction. Defendants have appealed to this Court.
The facts are not in dispute. The only issue is a legal one.
A public road referred to as Richard Avenue located in Ward 6 of St. Martin Parish, Louisiana, was so created by being maintained for a period of three years by the Police Jury of St. Martin Parish, Louisiana, as provided for by LSA-R.S. 48:491 defining public roads. At the request of defendants or their representatives, the Police Jury, by Resolution dated and adopted July 11, 1967, abandoned Richard Avenue as a public road. Residents using the road and hearing of the action of the Jury appeared before the Jury and asked it to adopt a Resolution rescinding the July 11, 1967 Resolution. It did so at its next meeting held on August 1, 1967. The public continued to use the road until in the latter part of April, 1969, when defendants commenced blocking the road by the erection of chain link fences. Following this action by defendants this suit was filed.
In Washington Parish Police Jury v. Washington Parish Hospital Service District, 152 So.2d 362 (La.App. 1 Cir. 1963) (certiorari refused 244 La. 669, 153 So.2d 883), the rule of law applicable to the instant case is set forth in the second syllabus and states:
“Police juries possess inherent as well as legislatively delegated power and authority to rescind their official actions provided such rescission does not abrogate or contravene other rules of law including, but not limited to, the legal prohibition against divesting of vested rights and the impairment of contracts lawfully made and entered into.”
Using the Washington case, supra, as a guideline, we conclude that when the Police Jury adopted the July 11, 1967 Resolution abandoning Richard Avenue as a public road, the property then reverted back to the landowners of said road free and clear of any servitude and constituted a property right; and, that the Jury could not divest them of this property right by the passage of the August 1, 1967 Resolution rescinding the first resolution. To hold otherwise would allow the Police Jury to impair vested property rights in violation of Article 4, Section 15 of our State Constitution.
This action is without prejudice to any rights plaintiff or any other party may have to seek judicial relief on the alleged ground that the public road was arbitrarily abandoned.
For the reasons assigned the judgment of the district court granting plaintiff a permanent injunction is set aside and recalled, and plaintiff’s suit is dismissed. Plaintiff to pay only such costs as are taxable under LSA-R.S. 13:4521.
Reversed.