247 So.2d 843

**HILTON HOTELS CORPORATION**
**d/b/a Hilton Inn**

v.

**PARISH OF JEFFERSON, State of**
**Louisiana, et al.**

No. 51254.

May 14, 1971.

Roy L. Price, Parish Atty., Bruce D. Burglass, Robert I. Broussard, Asst. Parish Attys., for defendant-appellant.

Lemle, Kelleher, Kohlmeyer, Matthews & Schumacher, Harry B. Kelleher, Calogero & Kronlage, Pascal F. Calogero, Foley, Judell, Beck, Morel & Bewley, Harold B. Judell, New Orleans, for appellees.

Bernstein & Bach, Joseph Bernstein, New Orleans, for intervenor-appellant.

BARHAM, Justice.

This is an appeal from the district court judgment in a concursus proceeding for declaratory judgment filed by Hilton Hotels Corporation. The judgment declared that Ordinance No. 9595 of the Parish of Jefferson was unconstitutional and of no legal effect, and that Hilton and all taxpayers similarly situated should pay to the Collector of Revenue for the State of Louisiana the 4½ per cent hotel-motel occupancy tax. The suit was filed against Jefferson Parish, the Sheriff and the Director of Finance of that parish, the Louisiana Stadium and Exposition District, the Collector of Revenue, and the Attorney General for the State of Louisiana, seeking a determination of the proper party to whom it should make payment of the hotel-motel occupancy tax, which was claimed by both the District and the Parish of Jefferson. Other parties similarly situated to Hilton intervened in the proceedings.

After answers were filed by the various defendants, the District filed a motion for summary judgment in the matter. A hearing was held, and judgment was rendered in favor of the District. The Parish of Jefferson took an appeal to this court under Article VII, Section 10(2), of the Louisiana Constitution.

The proposed constitutional amendment creating the Louisiana Stadium and Expo-

sition District was adopted as Act No. 556 of 1966 by the Legislature and approved by a majority of the voters of the state, becoming Section 47 of Article XIV of the Louisiana Constitution. Pursuant to that amendment a Board of Commissioners for the District was appointed to commence development, financing, and construction of the domed stadium in the New Orleans area. Numerous suits were filed concerning the activities of the District. Arata v. Louisiana Stadium and Exposition District, 254 La. 579, 225 So.2d 362 (1969), and appealed sub nomine Schwegmann v. Louisiana Stadium and Exposition District, 396 U.S. 279, 90 S.Ct. 569, 24 L.Ed.2d 467 (1970); Watermeier v. Louisiana Stadium and Exposition District, 308 F.Supp. 273 (E.D.La.1970), affirmed 398 U.S. 955, 90 S.Ct. 2172, 26 L.Ed.2d 539 (1970); Watermeier v. Louisiana Stadium and Exposition District, 235 So.2d 114 (La.App.4th Cir. 1970), writs ref. 256 La. 245, 236 So.2d 28 (1970).

Under Subsection (M) of Article XIV, Section 47, the District was authorized to levy and collect a tax upon the occupancy of rooms of hotels and motels situated in the Parishes of Jefferson and Orleans which compose the District. In the event that the tax was imposed, the 2 per cent state sales and use tax on hotel fees, as well as certain local sales and use taxes, was to be abated. Prior approval by the two parishes of the latter exemptions was

required. Approval of the exemption was given by the Council of the City of New Orleans on June 15, 1967, and July 20, 1967, with the adoption of Ordinances Nos. 3596 MCS and 3608 MCS and by the Jefferson Parish Council in Ordinance No. 8318 passed on June 15, 1967. The Hotel Occupancy Tax Ordinance was then passed by the District on June 27, 1967, to become effective from and after August 1, 1967.

On March 12, 1970, the Jefferson Parish Council adopted Ordinance No. 9574. It stated that the Council felt that the financial structure of the area would be better served by the construction of the new Mississippi River Bridge, and that since steps had not been taken to move forward with that project, the dedication of the hotel-motel tax for the benefit of the domed stadium was rescinded "until positive action in reference to the location of the Mississippi River Bridge is assured".

By Ordinance No. 9595 the Jefferson Parish Council, on April 2, 1970, revoked, rescinded, cancelled, and set aside its Ordinance No. 8318 which had granted consent for the tax exemption. On that same day the Council passed Resolution No. 16008 directing the Sheriff and the Finance Director of the parish to collect all state sales and use taxes on hotels and motels, as well as other local taxes, and to retain the appropriate funds in an escrow account to be known as "Jefferson Parish Louisiana Stadium and Exposition District Account". Two other resolutions were adopted by the Council. Resolution No. 16074 passed on April 9, 1970, authorized publication of the action taken by the Council in revoking its consent and recognized the collection of the tax by the proper parish officials. On April 30, 1970, by Resolution No. 16186 the Council authorized the filing of a suit by the parish to enjoin the District from selling bonds.

Subsequently, Hilton and the various intervenors similarly situated were notified by parish officials that the tax was to be paid to the parish. State officials also demanded that the tax funds be paid to the state. Not knowing which agency was legally entitled to the funds, Hilton filed this suit.

The Parish of Jefferson argues that under its home rule charter it is authorized to adopt and rescind ordinances, that its action in this instance conforms to that authorization, and that the constitutional amendment specifically recognized this authority in Subsections (M) and (O). It contends that the repeal of Ordinance No. 8318 by Ordinances Nos. 9574 and 9595 not only revoked the authorization for the collection of the tax by the District but also dissolved the District by the withdrawal of the parish from that body.

■ It is apparent that there is no authority vested in the Parish of Jefferson to dissolve the District, which was created by

constitutional amendment and became a body politic and political subdivision of the State. La.Const. Art. XIV, Sec. 47(A); Arata v. Louisiana Stadium and Exposition District, supra; Watermeier v. Louisiana Stadium and Exposition District, supra.

Subsection (M) provides that the Louisiana Stadium and Exposition District is authorized to levy and collect a 4½ per cent tax (later to be reduced to 4 per cent) on the rent or fee for occupancy of hotel rooms within the District, and that the tax shall be imposed by ordinance adopted by the District's Board of Commissioners. It provides also for the abatement of state and local sales and use taxes on hotel fees. The fourth paragraph of this subsection reads:

"The aforesaid ordinance imposing the hotel occupancy tax may not be adopted by the Board of Commissioners of the District unless prior thereto the City of New Orleans and the Parish of Jefferson each adopt, in the manner provided for the adoption of ordinances in their respective charters, ordinances consenting to the exemption above provided from their own respective sales and use taxes of hotel room rentals and fees subject to the hotel occupancy tax herein authorized."

A prerequisite to the District's compliance with the proviso of Subsection (M) that "the District shall impose the tax by ordinance adopted by its Board of Commis-

sioners" was the consent of the City of New Orleans and the Parish of Jefferson to the abatement of sales and use taxes on hotel rentals and fees which were then in effect. In compliance with the constitutional provision, the Jefferson Parish Council passed Ordinance No. 8318 which abated and exempted "those local sales and use taxes described in Section 47, Article XIV of the Louisiana Constitution, * * * *the purpose and intent of this ordinance being to allow the imposition, by the Louisiana Stadium and Exposition District, of the taxes authorized therein*". (Emphasis here and elsewhere has been supplied.)

Section 2 of the ordinance provides that "said exemption and abatement *shall commence upon the imposition by the Louisiana Stadium and Exposition District of the tax authorized by said Section 47*, said exemption and abatement to coincide with the effective date of the District tax".

We said in Arata v. Louisiana Stadium and Exposition District, supra, 254 La. at p. 588, 225 So.2d at p. 365:

"Soon after its organization in June 1967, the District enacted the hotel occupancy tax contemplated by the amendment, and the levy has been in effect since August 1967. With funds derived from this source the District proceeded to accumulate the data, information, plans and studies which would form the basis for con-

struction contract estimates and other costs involved in the execution of the plan.

"When the required data were accumulated, acting upon the advice of financial experts, the District proceeded with the execution of the contracts required to implement the plan to build the stadium project in the Metropolitan New Orleans area. Each transaction formed an integral part of the total plan. All were dated February 1, 1969 for reference purposes. They included adoption of a resolution by the District authorizing the issuance of bonds, the execution of a contract whereby the District leased the facilities to be acquired in accordance with the plan to the State; and the State, in turn, entered into a management and operating agreement with the District involving the facilities the State had leased."

The final paragraph of Subsection (M) states in part: " * * * If no bonds have been issued by the District *secured by all or part of the proceeds of the hotel occupancy* tax, then *the tax may be terminated* at any time *by resolution of the Board* and in the absence of a resolution terminating it, it shall terminate automatically five years from the date of the adoption of the resolution imposing the tax. In any case, termination of the occupancy tax shall automatically terminate the exemption herein provided of hotel room rentals and fees from the sales and use taxes of the State of Louisiana, the City of New Orleans and the Parish of Jefferson."

Thus there can be no question that the District has acquired absolute and complete control of and right to the tax for at least five years. Only the Board can terminate the tax, which has become vested in the District and which the District has proceeded to expend under obligations created in numerous contracts.

Article IV, Section 15, of the Louisiana Constitution provides: "No ex-post facto law, *nor any law impairing the obligation of contracts, shall be passed; nor shall vested rights be divested,* unless for purposes of public utility, and for just and adequate compensation previously paid."

While all retrospective laws are not invalid, those which divest vested rights fail constitutionally. We have recognized that "rights once legally established cannot be divested by the repeal of the law authorizing their creation". Succession of Manning, 185 La. 894, 171 So. 68 (1936); Succession of Forstner, 186 La. 577, 173 So. 111 (1937); see also St. Martin Parish Police Jury v. Michel, 229 So.2d 463 (La. App.3rd Cir. 1969). The Jefferson Parish Council abated and disposed of its hotel sales and use tax, which was accepted by the District when it enacted its tax ordinance. That tax is now pledged to discharge the obligations of the District. All of this is constitutionally sanctioned or

mandated. The Jefferson Parish Council cannot by subsequent ordinance repeal its action which abated the tax for the benefit of the District—a tax which has now become vested in that body and has also become obligated to the discharge of contracts with third parties. Such funds can now be diverted only upon the legal demise of the tax or by subsequent constitutional provision. See Fisher v. Board of School Directors, 48 La.Ann. 1077, 20 So: 163 (1896).

Jefferson Parish points out that Subsection (O) states that after bonds have been issued, "neither the Legislature, the District, nor any other authority may discontinue or decrease the tax or permit to be discontinued or decrease the tax in anticipation of the collection of which such bonds have been issued"; and it argues that this is the only occasion upon which *any* authority, including the Parish of Jefferson, is forbidden to affect the tax after it is once imposed. Subsection (O) is unnecessary to the constitutional provision, for the operation of Article IV, Section 15, previously quoted, would effectuate the same result. Apparently Subsection (O) was inserted out of an abundance of caution since the last paragraph of Subsection (M) allows the *District* to terminate the tax at a time before it has been pledged to secure bonds.

Under other provisions of Article XIV, Section 47, and constructions of other pertinent parts thereof, we might also be required to pronounce the Jefferson Parish ordinances unconstitutional. However, having found that the ordinances are unconstitutional as being in violation of Article IV, Section 15, of the Louisiana Constitution, we pretermit any other discussion.

For the reasons assigned the judgment of the Twenty-fourth Judicial District Court is affirmed.