451 So.2d 1295 (1984)
Joseph Franklin POSTON
v.
Charlie Dean DAVIS, et al.
No. 83 CA 0806.
Court of Appeal of Louisiana, First Circuit.
June 26, 1984.
*1296 Robert D. Hoover, Baton Rouge, for plaintiff-appellant Joseph Franklin Poston.
John W. Perry, Jr., Baton Rouge, for defendants-appellees Charlie Dean Davis, Buddy Eaton, Nu-Way Const. Services, Inc., and Aetna Cas. and Sur. Co.
Before PONDER, WATKINS and CARTER, JJ.
PONDER, Judge.
Plaintiff appeals the judgment dismissing his suit on defendants' peremptory exception of no cause of action.
The only issue is whether plaintiff's petition states a cause of action in tort under the intentional act exception to the Worker's Compensation Act tort immunity provided by LSA-R.S. 23:1032.[1]
We reverse and remand.
Plaintiff filed suit for damages against his employer, Nu-Way Construction Services, Inc. (Nu-Way); co-employees Charlie Dean Davis and Buddy Eaton; and Nu-Way's liability insurer, Aetna Casualty and Surety Company. The key paragraphs in plaintiff's original petition are as follows:
"4.
On the date aforementioned, your petitioner was in the process of bolting angle/rafters when his foot slipped while he was working causing him to fall from the rafters approximately 15 feet from the ground onto his head striking the concrete below.
5.
At the time of the alleged accident, the defendants, Charlie Dean Davis, Buddy Eaton and Nu-Way Construction Services, Inc. knew that the safety belts were absolutely essential to be distributed to petitioner and other employees working at this location, to avoid the exact type of injury to the plaintiff. Despite their knowledge, these defendants insisted that the plaintiffs and others continue to work at heights above the ground without safety belts. Buddy Eaton, Charlie Dean Davis and Nu-Way Construction Services, Inc. believed that their refusal to provide safety belts to their employees, such as your petitioner, would certainly result or were substantially certain to result in the particular type of *1297 injury which was suffered by your petitioner." (Emphasis added.)
Defendants filed an exception of no cause of action on the day of hearing; plaintiff filed an amending and supplemental petition, the key paragraph of which is as follows:

"5A.
Some time prior to the accident involving Mr. Poston on September 1, 1981, Charlie Dean Davis and Buddy Eaton and other employees of Nu-Way Construction Services, Inc., discussed the fact that safety belts were absolutely essential to be distributed to your petitioner and other employees while they worked at heights on the location where the accident occurred. On the day prior to the accident, Charlie Dean Davis again discussed the absolute necessity for safety belts being distributed to your petitioner and the other employees while working at heights with Buddy Eaton. The safety belts had been ordered for this particular job, but had not been received on the job site. Buddy Eaton and Charlie Dean Davis insisted that your petitioner and the other employees on the job work at heights erecting steel without safety belts even though they had had numerous discussions regarding the absolute necessity for the safety belts. There were other safety belts available to Nu-Way Construction Services, Inc. and Charlie Dean Davis and Buddy Eaton to be obtained from other jobs being done by Nu-Way Construction Services, Inc. at that time. In spite of this fact, no safety belts were made available to your petitioner or any other employees working at heights at the time of Mr. Poston's accident. The day following the accident safety belts were obtained from another job of Nu-Way Construction Services, Inc. and provided to the remaining employees working at heights at this job location. As a result of their discussions and as a result of the fact that the defendants were in a hurry to complete the job and insisted that the plaintiff and others continue to work at heights above the ground without safety belts, Buddy Eaton, Charlie Dean Davis and Nu-Way Construction Services, Inc. knew and/or believed that their refusal to provide safety belts to their employees, such as your petitioner, would certainly result or were substantially certain to result in the particular type of accident and injury which was suffered by your petitioner. Charlie Dean Davis and Buddy Eaton were employees of Nu-Way Construction Services, Inc. at the time of the accident and were acting within the course and scope of their employment as such. Thus Nu-Way Construction Services, Inc. is vicariously liable for the aforementioned intentional acts of Buddy Eaton and Charlie Dean Davis in addition to the intentional acts alleged of Nu-Way Construction Services, Inc." (Emphasis added.)
Plaintiff argues that both his original and amending and supplemental petitions state a cause of action: to-wit, that defendants Eaton and Davis were guilty of an "intentional act" as defined in LSA-R.S. 23:1032, for which Nu-Way is vicariously liable.
The exception of no cause of action raises the question of whether the law affords any remedy to the plaintiff under the allegations of the petition. Johnson v. Edmonston, 383 So.2d 1277 (La.App. 1st Cir.1980). In considering the exception, it must be decided upon the face of plaintiff's petition alone, and all well-pleaded allegations of fact contained therein must be accepted as true. Mott v. River Parish Maintenance, Inc., 432 So.2d 827 (La. 1983). If the petition states a cause of action as to any ground or portion of the demand, the exception must be overruled. Pence v. Ketchem, 326 So.2d 831 (La.1976).
The Louisiana Supreme Court in Bazley v. Tortorich, 397 So.2d 475 (La.1981) gave definition to the term `intentional act' in the context of the above mentioned statute:
"The meaning of `intent' is that the person who acts either (1) consciously desires the physical result of his act, whatever the likelihood of that result *1298 happening from his conduct; or (2) knows that that result is substantially certain to follow from his conduct, whatever his desire may be as to that result." (p 481)
A recent Louisiana Supreme Court decision, Mayer v. Valentine Sugars, Inc., 444 So.2d 618 (La.1984), is determinative of this case. Therein the court concluded that LSA-C.C.P. art. 856[2] is controlling and a plaintiff employee may plead the intent element of his intentional tort cause of action generally and without particularity.
In the instant case, plaintiff alleges that the type of injury he suffered was believed or known by defendants Nu-Way, Eaton and Davis to be substantially certain to result. This allegation is sufficient to state a cause of action under the "intentional act" exception of LSA-R.S. 23:1032.
Defendants argue that plaintiff's amending and supplemental petition should not be considered on appeal as the trial court never signed an order permitting its filing, citing LSA-C.C.P. art. 1151.[3]
The record does not disclose whether the trial judge considered plaintiff's amending and supplemental petition, filed the day of trial of the exception. However, we need not discuss this issue as the language of plaintiff's original petition states a cause of action.[4]
For the foregoing reasons, we reverse the judgment of the trial court and remand for proceedings consistent with this opinion. Costs are to be borne by defendants.
REVERSED AND REMANDED.
NOTES
[1] LSA-R.S. 23:1032 provides, in pertinent part:

* * * * * *
Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional act.
[2] LSA-C.C.P. art. 856, in pertinent part, provides:

"... Malice, intent, knowledge, and other condition of mind of a person may be alleged generally."
[3] LSA-C.C.P. art. 1151 provides:

"A plaintiff may amend his petition without leave of court at any time before the answer thereto is served. He may be ordered to amend his petition under Articles 932 through 934. A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
A defendant shall plead in response to an amended petition within the time remaining for pleading to the original pleading or within ten days after service of the amended petition, whichever period is longer, unless the time is extended under Article 1001."
[4] We point out, however, that under LSA-C.C.P. art. 934, when the grounds of the objection pleaded by peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court.