CRAIN, Judge.
This is an appeal by third party plaintiff, DeRose Industries, from a judgment by the trial court maintaining the peremptory exception of no cause of action filed by third party defendant, Georgia-Pacific.
FACTS
In December, 1979, William and Mary Trigg (plaintiffs in the main demand) purchased a trailer from Camper Village, Inc. On August 1, 1980, after experiencing numerous problems with their trailer, the Triggs filed an action in redhibition against the named defendants Camper Village, Inc., authorized dealer/vendor, and DeRose Industries, Inc., manufacturer of the mobile home.
On August 28,1980, plaintiff filed a First Amending Petition which in pertinent part alleged serious warping of the living room floor which presented an unsafe and dangerous condition for plaintiffs or their visitors. On September 3, 1980, plaintiffs again amended their petition and alleged that the enumerated defects were either inherent at time of purchase or appeared shortly thereafter.
On September 11, 1980, Camper Village filed an answer and third party demand against its co-defendant, DeRose under La. C.C. art. 2531.[1] On October 3, 1980, De-Rose filed a general denial to the principal demand and to the third party petition. On May 21, 1981, DeRose filed a third party demand against Georgia-Pacific Corporation, manufacturer of the wood particle flooring contained in the mobile home, praying for indemnity or contribution, should DeRose be cast in judgment on the principal demand. On June 9, 1981, Georgia-Pacific filed a motion requesting a separate trial in which it was alleged that service and citation of the third party petition was not made on Georgia-Pacific’s agent for service of process until June 8, 1981 and trial on the merits in this proceeding was set for June 9, 1981. The third party demand against Georgia-Pacific was ordered severed from the principal demand to be tried at a later date.
Judgment was rendered in the trial court on September 18, 1981 in favor of William and Mary Trigg and against defendant, DeRose, rescinding the sale of the trailer, and awarding plaintiffs $8,271.02 and attorneys fees. In the opinion of the trial court, redhibition was allowed based on serious hidden defects which were proved to have existed at the time of the purchase. The redhibitory defects were not enumerated. Judgment was also rendered in favor of *19 Camper Village and against DeRose for attorneys fees. DeRose was ordered to pay all costs and legal interest. DeRose appealed and the judgment of the trial court was affirmed by this court. Trigg v. Camper Village, Inc., 424 So.2d 1085 (La. App. 1st Cir.1982), writ denied, 429 So.2d 134 (La.1983). Severe warping of the floors was found by this court to be the significant redhibitory defect.
On May 12, 1983, Georgia-Pacific filed the peremptory exceptions of no cause of action and/or prescription to the third party demand of DeRose. The trial court maintained thé exception of no cause of action. DeRose has appealed the judgment of the trial court. The sole issue for appeal is whether DeRose’s third party demand states or can state a cause of action.
ASSIGNMENT OF ERROR
The peremptory exception of no cause of action (La.C.C.P. art. 927(4)) tests the legal sufficiency of the pleadings. In order to test the legal sufficiency of the pleadings, all well-pleaded allegations of fact are accepted as true, and if the allegations set forth a cause of action as to any part of the demand, the exception must be overruled. Haskins v. Clary, 346 So.2d 193 (La.1977); Slocum v. Daigre, 424 So.2d 1074 (La.App. 3d Cir.1982), writ denied, 429 So.2d 128 (La.1983). La.C.C.P. art. 865 requires that all pleadings be construed in order to do substantial justice. In keeping with the legislative mandate of the Code of Civil Procedure the court, where reasonably possible, should maintain a petition in order to allow the petitioner the opportunity to present his evidence. Poston v. Davis, 451 So.2d 1295 (La.App. 1st Cir.1984).
Georgia-Pacific argues that DeRose has no separate cause of action in indemnity; that the rights and obligations of DeRose are contained in the Civil Code articles governing the special contract of sale. Stratton-Baldwin Company, Inc. v. Brown, 343 So.2d 292 (La.App. 1st Cir.1977) is cited as authority. Georgia-Pacific argues that the only remedy available to DeRose against them is in redhibition, not in indemnity, and that DeRose has not and is unable to sustain a cause of action in redhibition.
A third party demand must set forth the defendant’s claim with the same precision and particularity as required in a petition setting forth the same cause of action in the main demand. Cvitanovich v. Sorli, 347 So.2d 1204 (La.App. 1st Cir. 1977); Lewis Chevrolet Company v. Whitener, 122 So.2d 880 (La.App. 1st Cir.1960). DeRose’s third party petition reads as follows:
I.
GEORGIA-PACIFIC CORPORATION, Third Party Defendant, was the manufacturer of the wood particle board flooring contained in the subject movile [sic] home, and if Petitioners are entitled to any recovery against DEROSE INDUSTRIES, INC. because of any vices or defects of the particle board flooring manufactured by GEORGIA-PACIFIC CORPORATION, then DEROSE INDUSTRIES, INC. claims that it is entitled to complete indemnity from GEORGIA-PACIFIC CORPORATION, or in the alternative, for contribution, and for any judicial interest for which the Third Party Plaintiff may be cast and for all cost.
II.
Third Party Plaintiff, DEROSE INDUSTRIES, INC., desires and is entitled to attorney fees for the defense of this action from Third Party Defendant, GEORGIA-PACIFIC CORPORATION, in the amount of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS.
WHEREFORE, DEROSE INDUSTRIES, INC PRAYS that its Amended and Supplemental Petition and Third Party Demand be ordered filed.
DEROSE INDUSTRIES, INC. FURTHER PRAYS that Judgment be rendered herein in its favor and against Third Party Defendant, GEORGIA-PACIFIC CORPORATION for full and complete indemnity for any amount for which DEROSE INDUSTRIES, INC. *20 may be case [sic] in the main demand or in the further alternative, for contribution and for judicial interest and for all cost of these proceedings.
DEROSE INDUSTRIES, INC. FURTHER PRAYS that there be Judgment herein in favor of Third Party Plaintiff, DEROSE INDUSTRIES, INC. and against Third Party Defendant, GEORGIA-PACIFIC CORPORATION, for attorney fees in the amount of FIVE THOUSAND AND NO/100 ($5,000.00) DOLLARS.
It is clear that DeRose has alleged sufficient facts to sustain an indemnity action if DeRose has an action in indemnity. See Minyard v. Curtis Products, Inc., 251 La. 624, 205 So.2d 422 (1967); Edward Levy Metals, Inc. v. New Orleans Public Belt Railroad, 243 La. 860, 148 So.2d 580 (1963). However, the third party petition does not factually allege sufficient facts to support a claim in redhibition. A legal relationship between the parties is not alleged, nor does the third party petition factually allege a sale of the particle board, or that the board contained a latent defect at the time of the sale which manifested itself after the sale. However, it is equally clear that the third party petition can be amended to allege a cause of action in redhibition. Where a petition can be amended to state a cause of action such amendment must be allowed. La.C.C.P. art. 934 and 1156.
There may be a prescription problem with a redhibitory action which would depend on the resolution of factual considerations presented by La.C.C. arts. 2534, 2545 and 2546.[2] Those considerations were not addressed because of maintaining the exception of no cause of action.
We therefore reverse the decision of the trial court maintaining the exception of no cause of action. We remand with instructions for the trial court to determine whether the third party plaintiff must proceed in redhibition or indemnity. If the former, amendment of the third party petition should be allowed to set forth the proper factual allegations. Only at that point should the prescription problem be considered. Cost of this appeal will be paid by appellee, Georgia Pacific.
REVERSED AND REMANDED.

. LA.C.C. art. 2531 provides a right of action to a seller who has been held liable due to redhibi-tory defects in the thing sold against the manufacturer of the thing for any losses sustained by the seller.

. La.C.C. arts. 2534, 2545 and 2546 provide for the prescription of redhibitory actions against sellers in good faith and in bad faith.
La.C.C. art. 2534 reads:
The redhibitory action must be instituted within a year, at the farthest, commencing from the date of the sale.
This limitation does not apply where the seller had knowledge of the vice and neglected to declare it to the purchaser.
Nor where the seller, not being domiciliated in the State, shall have absented himself before the expiration of the year following the sale; in which case the prescription remains suspended during his absence.
La.C.C. art 2545 reads:
The seller, who knows the vice of the thing he sells and omits to declare it, besides the restitution of price and repayment of the expenses, including reasonable attorneys’ fees, is answerable to the buyer in damages.
La.C.C. art. 2546 reads:
In this case, the action for redhibition may be commenced at any time, provided a year has not elapsed since the discovery of the vice.
This discovery is not to be presumed; it must be proved by the seller.