CRAIN, Judge.
On December 30,1983, Quintana Petroleum Corporation (Quintana) instituted a con-cursus proceeding in Iberville Parish. Im-pleaded in the proceeding were Iberville Parish, Iberville Parish School Board, Acadia Parish School Board, Vermilion Parish School Board, Vermilion Parish Police Jury, St. Mary Parish, St. Mary Parish School. Board, Lafourche Parish School Board, and Lafourche Parish Police Jury. The petition alleges that the named parties have refused to allow Quintana a credit for monies paid to St. Mary Parish and the St. Mary Parish School Board (hereinafter referred to collectively as St. Mary). In its petition Quintana seeks to have the court decide to which parties the taxes are due. If the taxes were due and properly paid to St. Mary, then Quintana seeks to have the court order the other impleaded parties to grant Quintana a credit for those taxes presumably already paid to St. Mary. Should the court determine that no taxes were due to St. Mary, then Quintana seeks to have the court order St. Mary to refund the taxes paid.
St. Mary filed an exception of no cause of action which was maintained by the trial court. From this judgment Quintana appeals.
NO CAUSE OF ACTION
“The peremptory exception of no cause of action (La.C.C.P. art. 927(4)) tests the legal sufficiency of the pleadings.” Trigg v. Camper Village, Inc., 467 So.2d 17, 19 (La.App. 1st Cir.1985), writ denied, 470 So.2d 121 (La.1985). In order for the exception to be maintained the court must determine whether the law affords any remedy to the plaintiff under the allegations of the petition. Poston v. Davis, 451 So.2d 1295 (La.App. 1st Cir.1984).
The legislature has set forth specific procedures for the assessment and collection of state taxes. These procedures also prescribe the methods by which a taxpayer may obtain relief for the payment of an illegal tax. La.R.S. 47:1561 et seq. Political corporations are authorized to collect local sales and use taxes in the same manner provided for the collection of state taxes. La.R.S. 33:2841.[1] The taxpayer is entitled to relief from the payment of an illegal tax either through procedures prescribed by La.R.S. 47:1561 et seq. or procedures prescribed by the local taxing authority. *84 See La. Const. art. VII, § 3; Parish of Pointe Coupee Governing Authority v. Amoco Production Co., 472 So.2d 292 (La.App. 1st Cir.1985), writ denied, 475 So.2d 1107 (La.1985). Due to the differing sales and use tax ordinances of each parish and the varying interpretations of the tax ordinances given by some of the parishes, taxpayers have often found themselves in jeopardy of paying taxes on the same property to more than one parish. Quintana has instituted a concursus proceeding to alleviate this problem.
“A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding.” La.C.C.P. art. 4651. The person against whom the claims are asserted may deny liability “in whole or in part to any or all of the claimants, and whether or not their claims, or the titles on which the claims depend, have a common origin, or are identical or independent of each other.” La.C.C.P. art. 4652. The official comment to La.C.C.P. art. 4652 reflects that a concursus is the appropriate procedure to be used in order to prevent multiple litigation and multiple liability. When sales and use taxes have been assessed against the same property by multiple taxing authorities a concursus may be an appropriate proceeding to determine the appropriate disbursement of the tax allegedly owed.[2] Terrebonne Parish Sales and Use Tax Department v. Callais Cablevision, Inc., 433 So.2d 820, 824 n. 3 (La.App. 1st Cir.1983.) However, the requirements of La.C.C.P. art. 4651 et seq. must still be met in order for a concursus to be properly invoked. Pearson Distributors, Inc. v. St. Tammany Motors, Inc., 417 So.2d 415 (La.App. 1st Cir.1982). We must now determine whether Quintana’s petition has alleged sufficient facts to invoke a concursus.
The petition does not factually allege that the parties have competing or conflicting claims to a common fund as required by La.C.C.P. art. 4652. It is not factually alleged that each of the implead-ed parties has assessed a sales and use tax against the same property so that a tax which would constitute a fund presently owed and not already paid is at issue. Should Quintana be able to amend the petition to allege that there are taxes on the same property in addition to those already paid to St. Mary, then a concursus may be an appropriate proceeding to resolve all issues, including a refund of the taxes already paid. See Austral Oil Co., Inc. v. Milliken & Farwell, Inc., 307 So.2d 377 (La.App. 1st Cir.1974), writ denied, 310 So.2d 642 (La.1975). The taxes previously paid to St. Mary alone do not constitute a fund over which a concursus may be properly invoked. See Graves v. Louisiana National Bank of Baton Rouge, 434 So.2d 1169 (La.App. 1st Cir.1983). Thus, the petition, as drafted, does not state a cause of action.
Where a petition can be amended to state a cause of action, the court should order amendment of the petition to remove the grounds of the objection pleaded in the exception. La.C.C.P. arts. 934 and 1151; Trigg v. Camper Village, Inc., 467 So.2d at 20. Accordingly, we reverse the judgment of the trial court. We remand with instructions to the trial court to allow Quintana to set forth the proper factual allegations, if possible. Costs of this appeal are to be paid by appellees.
REVERSED AND REMANDED.

. We note that La.R.S. 33:2890.1 et seq., effective January 1, 1986, establishes the means by which a taxpayer may obtain relief for the assessment or payment of allegedly illegal local sales and use taxes.

. In Hilton Hotels Corp. v. Parish of Jefferson, 258 La. 709, 247 So.2d 843 (1971) Hilton instituted a concursus for a declaratory judgment. Hilton was seeking a determination of the proper party to whom it should pay the hotel-motel occupancy tax which was claimed by several taxing entities. The Louisiana Supreme Court affirmed the judgment of the trial court without comment as to the propriety of the use of a concursus to avoid multiple tax liability.