LeBLANC, Judge.
The primary issue in this case is whether any cause of action is stated in the original and two amending petitions filed by plaintiff-appellant, Michael Hillman. The trial court concluded there was not and sustained the exceptions of no cause of action filed by defendants-appellees, United States Aviation Underwriters (U.S. Aviation); United States Aircraft Insurance Group (U.S. Aircraft); United States Fidelity and Guaranty Company; Aetna Casualty & Surety Company; McGlinchey, Stafford, Mintz, Cellini & Lang, PC; Dermot McGlin-chey; William Dalferes; Jr.; and Kenneth Laborde. Hillman has appealed this judgment.
An exception of no cause of action raises the question of whether the law affords a remedy to the plaintiff under the facts alleged. Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91 (La.1984); Poston v. Davis, 451 So.2d 1295 (La.App. 1st Cir.1984). This determination must be made on the face of the plaintiff’s petition alone, and all well-pleaded allegations of fact must be accepted as true for purposes of deciding the exception. Id. If a petition states a cause of action as to any demand or portion of the demand, the exception must be denied. Poston.
In the present case, plaintiffs argue their petition, as amended, states two distinct causes of action, one for breach of contract and one for defamation. Those named as defendants in this petition fall into two groups, i.e., insurance companies and attorneys.[1] Plaintiff's attempt to state a cause of action against the defendant insurance companies for both breach of contract and defamation. Against the defendant attor *127 neys, plaintiffs seek to assert a cause of action for defamation. Each of these alleged causes of action will be considered separately.
BREACH OF CONTRACT
Plaintiffs allege the following facts in their petition. On December 19, 1983, a 1973 Mitsubishi MU-2J, N-1MU airplane was destroyed by fire. The airplane was insured at that time by U.S. Aviation, U.S. Aircraft and/or U.S.F. & G. Plaintiffs cooperated with defendants and supplied them with all documentation requested. Despite repeated requests for payment under the terms of the policy it issued, defendants arbitrarily and in bad faith refused to pay plaintiffs’ claim.
These allegations are insufficient to state a cause of action against either group of defendants for the following reasons. Nowhere in the original or amending petitions do plaintiffs allege that they were the owners of the insured airplane or the beneficiaries under the insurance policy. In addition, with respect to the attorneys named as defendants, there was no allegation that they had ever entered into any contract, either with plaintiffs or for the benefit of plaintiffs. Accordingly, a cause of action for breach of contract is not stated in plaintiffs’ original and amending petitions.
DEFAMATION
Plaintiffs rely on the following allegations to establish a cause of action for defamation.
A certain petition for declaratory judgment was filed in Federal District Court etitled “Aetna Casualty and Surety Company v. Michael Hillman, et al.” The filing of this petition was the responsibility of the insurance companies and attorneys named as defendants in plaintiffs’ original petition. In this action, the defendant insurance companies sought a declaratory judgment to the effect that they were not liable under the insurance policy for the destruction of the airplane because plaintiffs were responsible for its destruction by arson. Plaintiffs assert that the allegations made in the defendants’ petition for declaratory judgment were false and malicious. Further, they state that a number of Louisiana newspapers, which were sold and distributed extensively throughout the state, published articles pertaining to the allegations made in the petition for declaratory judgment.
These allegations do not state a cause of action for defamation. It is well-established that a cause of action for defamation based on allegations or statements made in a judicial proceeding does not arise until those judicial proceedings have reached a final and definitive disposition. Marionneaux v. King, 331 So.2d 180 (La.App. 1st Cir.1976); Young Oil Co. of La. Inc. v. Durbin, 412 So.2d 620, 627 (La.App. 2d Cir.1982); Lees v. Smith, 363 So.2d 974, 979 (La.App. 3d Cir.1978). Neither plaintiffs’ original nor amending petitions include any allegation that the proceedings in defendants federal action for declaratory judgment has reached a final disposition. Accordingly, no cause of action for defamation is stated in plaintiffs original and amending petitions.
We also note that paragraphs IX, X and XI of plaintiffs’ first amending petition contains certain general statements and allegations related to the defendants’ conduct. The nature of the cause of action these statements pertain to is not clear. However, it is clear that they do not successfully state any cause of action. The statements contain no specific factual details and are merely general conclusions. A cause of action cannot be established by statements which are merely general conclusions of fact or law. Delta Bank & Trust Co. v. Lassiter, 383 So.2d 330 (La.1980); Sunbelt Factors, Inc. v. Bank of Gonzales, 481 So.2d 648 (La.App. 1st Cir.1985).
Finally, although we conclude the trial court properly sustained defendants’ exceptions of no cause of action, it should have allowed plaintiffs an opportunity to amend their petition. As previously discussed, plaintiffs’ petition fails to state a *128 cause of action in at least two instances because of the omission of a single vital allegation. It may be possible for these allegations to be included upon amendment of the plaintiffs petition. Where the grounds of a peremptory exception can be removed by amendment of the petition, the court must allow the plaintiff an opportunity to amend. La.Code Civ.P. art. 934; Sanborn, supra. Accordingly, Hillman must be permitted an opportunity to amend their petition.
DECREE
For the foregoing reasons, we affirm the trial court’s judgment insofar as it maintains the defendants’ exceptions of no cause of action. Further, we order that this case be remanded to the trial court to allow appellant fifteen (15) days from finality of this judgment to amend his petition. All costs are to be borne equally by appellant and appellees.
AFFIRMED AND REMANDED, FOR FURTHER PROCEEDINGS.
EDWARDS, J., concurs in the result.

. In addition to the defendants named in plaintiffs’ petition, several other parties were also *127 named as defendants in plaintiffs’ two amending petitions. However, we reach no conclusions with respect to these defendants since the judgment appealed from does not affect them and they are not presently before this Court.