J^KOSTELKA, J.
In this declaratory judgment action, defendants appeal the lower court determination that, upon abandonment of a public road by the Webster Parish Police Jury, ownership of that road will lie with petitioner. Our review of the stipulations of fact offered by the parties reveals that issuance of a declaratory judgment in this matter would not terminate the uncertainty or controversy; therefore, we find that the trial court abused its discretion in granting the declaratory judgment. Accordingly, we vacate the judgment below.

Procedural History

U.S. Silica Company, owner of certain land in the east half of Section 5, Township 17 North, Range 8 West, Webster Parish, Louisiana, filed a petition with the Webster Parish Police Jury, seeking the abandonment of a portion of Webster Parish Road 164 (formerly known as the Minden-Sparta Road and now known as Coussons Road) located in the east half of Section 5. In its petition, U.S. Silica explains that the road has fallen into a state of extreme disrepair, making travel up and down the road difficult, and at times during the rainy season, impossible. The police jury has failed and refused to maintain the road due to limited funds. U.S. Silica has, on occasion, expended its own money to attempt to maintain the road. Moreover, the road is no longer needed for public purposes in that those individuals traveling through this area of Webster Parish tend to use Highway 531 and Highway 532.
There is no recorded right-of-way for the road at issue. Nor was there ever a formal dedication of the road to public use. Instead, at some prior time (unspecified by the parties to this litigation), the original owners of the land tacitly dedicated the road to the Webster Parish Police Jury.
The police jury held a public hearing on August 4,1998 in which it voted to approve the closure of a portion of Webster Parish Road 164 subject to an |2agreement with U.S. Silica. U.S. Silica consented to install *676 on its property another road suitable to the police jury and to donate this road for the police jury to maintain. This newly constructed road has not yet been formally offered to or accepted by the police jury. As such, the police jury has not formally abandoned the concerned portion of Webster Parish Road 164.
Ellen Coussons Wooldridge, James E. Wooldridge, and John S. Coussons, descendants of the original owners of the land in question, contended that the ownership of Webster Parish Road 164 would revert to them upon its abandonment per the provisions of La. R.S. 48:701.2.
Accordingly, U.S. Silica filed a petition for declaratory judgment asking the lower court to interpret La. R.S. 48:701.2 and thereby determine if, upon the police jury’s abandonment, it would be the owner of the land under the portion of the road at issue. Ellen Coussons Wooldridge, James E. Wooldridge, and John S. Coussons are named defendants to the petition in that they oppose U.S. Silica’s claim of ownership.
U.S. Silica asserts that, under a proper interpretation of La. R.S. 48:701.2, it should be named owner upon abandonment of the road. Likewise, defendants believe ownership should revert to them under the statute. Thus, the issues framed for the trial court were whether La. R.S. 48:701.2 applies to this case and how that statute should be interpreted. The statute provides in part:
A. Notwithstanding any provision of law to the contrary, the governing authority of Webster Parish or of its municipalities may revoke and set aside the dedication of any road, street, or alleyway laid out and dedicated to public use within the respective limits, when the road, street, or alleyway has been abandoned or is no longer needed for public purposes.
B. Upon such revocation, the property subject to the dedication shall revert to the original property owner who was the owner of record of the property when the property subject to the dedication was first dedicated to public use, or his successors or assigns.
|sThe trial court, after considering the stipulations of fact and the arguments presented, concluded that “when and if the Webster Parish Police Jury should abandon or revoke the dedication as a public road for Webster Parish Road # 164 ... that the land formerly subject to the right-of-way servitude will be owned free of any burden of public use by the current owner of the land, U.S. Silica, or in the event of future sales or dispositions, the current owner thereof.” Defendants have appealed.

Discussion

On appeal, each side to this litigation presents what it believes to be a proper interpretation of La. R.S. 48:701.2. However, we do not reach the issue of statutory construction. Regardless of who is determined to be the “successors and assigns” of the original property owners, a question the parties agree is integral to a resolution of this dispute, the record before us — consisting only of stipulations of fact and a legislative history of the statute — simply does not resolve the issue of who is or ever was the record owner of the land under Webster Parish Road 164. Instead, the metes and bounds descriptions of the parties’ real property shows the road acts as a boundary along portions of their land. The descriptions do not indicate, as argued by the parties, that the road traverses their property. The stipulations describe U.S. Silica’s land as:
All that portion of the Northeast Quarter (NE/4) of Section 5 lying East of the Minden-Sparta Road, and the Northeast Quarter of the Southeast Quarter (NE/4 of SE/4), all in Section 5, Township 17 North, Range 8 [West,] Webster Parish, Louisiana.
Defendants own land that is generally south and west of U.S. Silica’s holdings. It is described per stipulation as:
*677 A tract of land described as beginning at the Southwest Corner of the Northeast Quarter of the Southwest Quarter (SW/cor. of NE/4 of SW/4), Section 5, [Tjownship 17 North, Range 8 West, Webster Parish, Louisiana and thence run South 89 degrees 7 minutes East |42,640 feet to the Southeast Corner of the Northwest Quarter of the Southeast Quarter (SE/cor. of NW/4 of SE/4); hence run North 382 feet, more or less, to the Minden Sparta Public Road and thence run North 33 degrees 30 minutes West with said road 531 feet; thence run South 75‘ degrees 30 minutes West 2,443 feet to the West line of the Northeast Quarter of the Southwest Quarter (NE/4 of SW/4), of Section 5; thence run South 206 feet to the point of beginning containing 27 l/4th acres, more or less, situated in Webster Parish, Louisiana.
The parties submitted as evidence no deeds or titles affecting the two above-described tracts or any other tracts which might include the bed of the road at issue. Nothing of record indicates who presently owns or previously owned the land under the controverted portion of Webster Parish Road 164.[1]
At best, the court is confronted with a stipulation that the road at issue was tacitly, rather than formally, dedicated to the public. Implied, tacit, or common-law dedication does not disturb the ownership of the bed of a dedicated road but, instead, grants a servitude of passage to the public. Chevron Oil Co. v. Wilson, 226 So.2d 774 (La.App. 2d Cir.1969), twit refused, 254 La. 849, 227 So.2d 593 (1969); Braxton v. Guillory, 98-379 (La.App. 3d Cir.10/28/98), 721 So.2d 114. We may, thus, determine that the police jury does not possess as owner of the road, but only as owner of the servitude. Beyond that, however, the court has only land descriptions which do not address the underlying ownership of Webster Parish Road 164.
The .court may refuse to render a declaratory judgment or decree where such judgment or decree, if rendered, would not terminate the uncertainty or controversy giving rise to the proceeding. La. C.C.P. art. 1876. On appeal, the scope of our appellate review is a determination of whether or not the trial court abused its discretion by granting or refusing to render a declaratory judgment. Liberto v. Rapides Parish Police Jury, 95-456 (La.App. 3d Cir.11/02/95), 667 So.2d 552. In the instant matter, the evidence presented does not establish the underlying ownership of the roadway. Thus, any guidance this court might give in interpreting La. R.S. 48:701.2, if even applicable, will not end the controversy surrounding ownership of the disputed road upon its abandonment. Accordingly, we find that the lower court clearly abused its discretion in granting a declaratory judgment under these circumstances.
For the foregoing reasons, the judgment below is vacated. Costs are . assessed equally between petitioner and defendants,
VACATED.

. For these same reasons, application of La. R.S. 9:2971, et seq. or 9:2981, et seq. (dealing with transfers of lands fronting waterways, highways, etc.) would not resolve the controversy of this case.