799 So.2d 693 (2001)
U.S. SILICA COMPANY, Plaintiff-Appellee,
v.
Mary Ellen Coussons WOOLDRIDGE, et al., Defendant-Appellant.
No. 34,763-CA.
Court of Appeal of Louisiana, Second Circuit.
October 31, 2001.
*694 Russell A. Woodard, Ruston, Counsel for Appellant.
Paul E. Kitchens, Minden, Counsel for Appellee.
Before BROWN, WILLIAMS and PEATROSS, JJ.
WILLIAMS, Judge.
The defendants, Mary Ellen Coussons Wooldridge, James E. Wooldridge, and John S. Coussons, appeal a judgment in favor of the plaintiff, U.S. Silica Company. The trial court found that the defendants' sale of land to the plaintiff included that portion of land extending to the center line of the existing road, without reserving any interest in the roadbed. Consequently, the court concluded that plaintiff was the owner of the land, subject to the right-of-way for public use. For the following reasons, we reverse and render.

FACTS
U.S. Silica Company ("Silica") operated an industrial sand processing plant in Webster Parish, Louisiana. Over time, Silica obtained title to certain land on either side of a portion of Parish Road 164 (formerly known as the Minden Sparta Road and now known as Coussons Road) located in the east half of Section 5, Township 17 North, Range 8 West, Webster Parish.
*695 Subsequently, Silica filed a petition with the Webster Parish Police Jury seeking abandonment of that part of Coussons Road described above. In its petition, U.S. Silica stated that the road had fallen into a state of extreme disrepair, making travel along the road difficult, and even impossible during periods of heavy rain. Silica contended that the police jury has not maintained the road due to limited funds and that the road is no longer needed for public purposes because those individuals traveling through this area of Webster Parish use Highway 531 and Highway 532.
There is no recorded right-of-way for the road at issue. Nor was there ever a formal dedication of the road to public use. Instead, at some prior time (unspecified by the parties to this litigation), the previous owners of the land tacitly dedicated the road to public use.
On August 4, 1998, the police jury held a public hearing in which it voted to approve the closure of a portion of Webster Parish Road 164, in return for an agreement by Silica to install on its property another public road suitable to the police jury and to donate this road for the police jury to maintain. This newly constructed road has not yet been formally offered to or accepted by the police jury. Thus, the police jury has not formally abandoned the concerned portion of Webster Parish Road 164. Following the hearing, Ellen Coussons Wooldridge, James E. Wooldridge, and John S. Coussons, contended that they were the descendants of the owners of the land at the time of dedication, and that ownership of Webster Parish Road 164 would revert to them upon its abandonment pursuant to the provisions of LSA R.S. 48:701.2.
In September 1998, the plaintiff, Silica, filed a petition for declaratory judgment asking the district court to interpret LSA R.S. 48:701.2 and thereby determine whether, upon the police jury's abandonment, Silica would be the owner of the land underneath the portion of the road at issue. Ellen Coussons Wooldridge, James E. Wooldridge, and John S. Coussons were named as defendants in the petition because they oppose Silica's claim of ownership.
The trial court, after considering the stipulations of the parties and the arguments presented, concluded that "when and if the Webster Parish Police Jury should abandon or revoke the dedication as a public road for Webster Parish Road # 164 ... the land formerly subject to the right-of-way servitude will be owned free of any burden of public use by the current owner of the land, U .S. Silica, or in the event of future sales or dispositions, the current owner thereof." Defendants appealed the judgment.
On appeal, this court vacated the judgment and remanded, finding that the evidence produced did not establish the underlying ownership of the roadway, so that a declaratory judgment would not resolve the controversy presented. U.S. Silica Co. v. Wooldridge, 33,016 (La.App.2d Cir.4/5/00), 756 So.2d 674. During the retrial of this case, plaintiff introduced into evidence photocopies of deeds to show a chain of title and establish Silica's ownership of land on either side of Coussons Road.
In its oral reasons, the trial court found that the defendants had never reserved an interest in the land beneath Coussons Road in any of the deeds and thus there was no evidence that they retained any ownership interest in this particular roadbed. The trial court rendered judgment in favor of Silica, finding that the defendants' sale of land to Silica conveyed title to that portion of land extending to the center line of the existing road, so that *696 the plaintiff was the owner of the roadbed subject to the right-of-way servitude. Defendants appeal the judgment.

DISCUSSION
The defendants contend the trial court erred in its interpretation of LSAR.S. 48:701.2. Defendants argue that under the statute, when Webster Parish abandons Coussons Road the ownership of the roadbed should revert to them as successors-in-title to the property owners of record at the time the land was first dedicated to public use. LSAR.S. 48:701.2 provides in pertinent part:
A. Notwithstanding any provision of law to the contrary, the governing authority of Webster Parish or of its municipalities may revoke and set aside the dedication of any road, street, or alleyway laid out and dedicated to public use within the respective limits, when the road, street, or alleyway has been abandoned or is no longer needed for public purposes.
B. Upon such revocation, the property subject to the dedication shall revert to the original property owner who was the owner of record of the property when the property subject to the dedication was first dedicated to public use, or his successors or assigns.
* * *
D. This Section shall not apply to a revocation and setting aside of a dedication of any road, street, or alleyway by the governing authority of Webster Parish or of its municipalities on and after July 1, 1999. Thereafter, the provisions of R.S. 48:701 shall be applicable in Webster Parish to any revocation of dedication of land by the governing authority of the parish of Webster or any of its municipalities and to any reversion of property.
The record shows that as of July 1, 1999, the Webster Parish Police Jury had not revoked the dedication of Coussons Road. Consequently, pursuant to the express language of the statute, we must conclude that the provisions of Section 701.2 are inapplicable to the present case. In reaching this conclusion, we pretermit a discussion of the defendants' arguments regarding the interpretation of that section of the statute.
A parish may revoke and set aside the dedication of all roads and streets dedicated to public use when said roads and streets have been abandoned or are no longer needed for public purposes. Upon such revocation, "all of the soil covered by and embraced in the roads, streets or alleyways, up to the center line thereof, shall revert to the then present owner or owners of the land contiguous thereto." LSA R.S. 48:701.
Tacit or implied dedication does not disturb the ownership of the roadbed of a dedicated road, but grants a servitude of passage to the public. Chevron Oil Co. v. Wilson, 226 So.2d 774 (La.App. 2d Cir.), writ denied, 254 La. 849, 227 So.2d 593 (1969). Thus, as this court stated in its previous opinion, the police jury possessed the road as owner of the servitude. U.S. Silica, supra. Where there is a servitude of public use and the road is abandoned, the land reverts free of any servitude to the landowner who made the dedication, or to the subsequent purchaser if the grantor conveyed his fee title interest in the land subsequent to the dedication. St. Martin Parish Police Jury v. Michel, 229 So.2d 463 (La.App. 3rd Cir.1969).
Courts may declare rights and other legal relations by declaratory judgment in cases where it is appropriate. LSA-C.C.P. art. 1871. The scope of appellate review is to determine whether the trial court abused its discretion in granting a *697 declaratory judgment. U.S. Silica, supra; Liberto v. Rapides Parish Police Jury, 95-456 (La.App. 3rd Cir.11/2/95), 667 So.2d 552.
LSA-R.S. 48:701, which authorizes a parish to revoke the dedication of streets to public use and grants ownership of the property underlying the roads to the contiguous landowners, is based on a legislative assumption that the dedication to public use has vested ownership of the land in the parish. Garrett v. Pioneer Production Corp., 390 So.2d 851 (La.1980). Thus, in the present situation, which involves a tacit dedication to public use where the grantor did not relinquish ownership, the provision of Section 701 transferring the roadbed to the contiguous landowners is not applicable. Consequently, in order to prevail, the plaintiff was required to establish its ownership of the land underneath the dedicated road, and proof of plaintiff's ownership of the contiguous land was not sufficient.
At trial, plaintiff submitted a number of exhibits concerning transfers of interests in land on either side of the Minden-Sparta Road, now Coussons Road, including mineral leases, assignments of mineral rights and deeds to certain parcels of land. However, none of these exhibits specifically address ownership of the roadbed, but describe the boundaries of the tracts of land as running "to" the Minden Sparta Road, and "along said road" or "with" the road.
The exhibits include deeds showing plaintiff's acquisition of land on either side of the public road. Plaintiff's exhibit 15 is the deed from the defendants to plaintiff's predecessor conveying title to the parcel of land in Section 5, Township 17 N, Range 8 W, lying east of Minden Sparta Road. Plaintiff's exhibit 20 is the deed from the Moores to Silica conveying title to a parcel of land located west of and adjacent to the public road.
The plaintiff contends that these exhibits and the expert testimony of Paul Culpepper, a land surveyor, proved that the common boundary of these tracts of land was the center line of the Minden Sparta Road, such that Silica was the owner of the land underneath the road. However, we note that the Coussons deed specifically conveyed that land "lying east" of the road and that the Moore deed did not contain any reference to the road.
The trial court found that the defendants' sale of land to Silica conveyed ownership to the center line of the public road because the defendants had not reserved in the deed an interest in the roadbed. However, the evidence suggests that defendants may not have held such an interest to either reserve or convey.
The defendants introduced into evidence the December 1933 deed from W.M. McBride to W.B. Coussons, husband of Willie McCoy Coussons, involving the parcel of land at issue. The deed conveys title to land including "all that part of West-half of the Northeast quarter, and all that part of Northwest quarter of Southeast quarter lying East of Minden and Sparta Road...." (Emphasis added).
The McBride deed does not refer to the roadbed in the property description and indicates that the public road existed at the time the Coussons family obtained title to the adjacent land. Thus, despite the parties' stipulation of fact number nine, the deed does not establish that the defendants' ancestors-in-title were the record owners of the roadbed at the time the land was dedicated to public use. Nor does the McBride deed demonstrate that defendants owned an interest in the roadbed that could have been conveyed in the subsequent sale to Silica. For this reason, Silica's argument concerning the applicability *698 of LSA R.S. 9:2971 and 9:2981 to this case lacks merit.
Based upon this record, we must conclude that the evidence presented did not establish that title to the land beneath Coussons Road had vested in either Silica or defendants. Thus, the trial court was clearly wrong in concluding that Silica had proved that it obtained an ownership interest in the roadbed as a result of its purchase of the adjacent parcel of land from defendants. Consequently, we shall reverse the trial court's judgment. However, our decision does not preclude either of the parties from attempting to judicially establish ownership of the land underneath the public road with proof of title at a later date if the parish revokes the dedication of Coussons Road.

CONCLUSION
For the foregoing reasons, the trial court's judgment is reversed. Costs of this appeal are assessed to the appellee, U.S. Silica Company.
REVERSED AND RENDERED.