340 So.2d 1035 (1976)
LENT, INCORPORATED
v.
LEMEL STEEL FABRICATORS, INC.
No. 11071.
Court of Appeal of Louisiana, First Circuit.
December 20, 1976.
Rehearing Denied February 14, 1977.
Donald L. Beckner, Baton Rouge, for plaintiff & Merikyan, appellees.
Donald R. Weber, Baton Rouge, for defendant appellee.
James J. Cox, Lake Charles, for Air Industrie.
Steven Peters, Baton Rouge, for Lent, Inc.
Before ELLIS, CHIASSON and PONDER, JJ.
PONDER, Judge.
Lent, Inc. invoked a concursus proceeding in the Nineteenth Judicial District Court, and sought to enjoin Lemel Steel Fabricators, Inc., Air Industrie of France, Inc., and 3P Construction Company, Inc. from prosecuting any of their claims against Lent outside these proceedings. Air Industrie filed dilatory exceptions of improper cumulation of actions and improper joinder of persons and a declinatory exception of improper venue. The trial court overruled the exceptions, approved the concursus proceedings and issued the preliminary injunction. Air Industrie has appealed.
The questions on appeal are the overruling of the declinatory exception of improper venue, the propriety of the concursus and the propriety of the preliminary injunction. We reverse.
Lake Charles Harbor & Terminal District leased some land to the Police Jury for the Parish of Calcasieu, which in turn leased the land to the predecessor of Conalco, Inc. This company later contracted with Air Industrie of France, Inc., for the erection of a fluoride emission control system. Air France contracted with Lent, Inc. for the structural steel needed. Lent contracted with Lemel Steel Fabricators, Inc., for this same structural steel.
After Air Industrie cancelled its contract with Lent, because of excessive delays, Lent filed suit in the Nineteenth Judicial District Court against Lemel for failure to deliver structural steel in accordance with their contract. Lemel reconvened against Lent for the unpaid balance allegedly due on the structural steel already delivered to Lent and for damages for misrepresentation that Lent owned a controlling interest in Lemel.
*1036 Lemel also filed a third party action against Arman Melikyan, the President of Lent, seeking damages for this misrepresentation.
Lent also filed suit in the Fourteenth Judicial District Court against Lake Charles Harbor & Terminal District, Police Jury of the Parish of Calcasieu, Conalco, Inc., Insurance Company of North America and Air Industrie to enforce a lien which it had filed. Air Industrie reconvened against Lent, claiming damages for failure to deliver structural steel on time and for misrepresentation that Lent owned a controlling interest in Lemel. Air Industrie also filed a third party action against Melikyan, Lent's president, seeking damages for the misrepresentation. Air Industrie of France, Inc. filed a suit against Lemel Steel Fabricators, Inc., in the Fourteenth Judicial District Court for damages resulting from Lemel's filing of a materialman's lien on the plant. The fourth action was filed by 3P Construction Company against Lent in the Nineteenth Judicial District Court, claiming that steel sold to them by Lent had been incorrectly fabricated.
In a pleading entitled "Amended and Supplemental Answer and Reconventional Demand," filed in the first suit filed in the Nineteenth Judicial District Court, Lent, alleging that the claims of Lemel, Air Industrie and 3P were competing and conflicting and were subjecting them to multiple litigation, prayed that a concursus proceeding be invoked. The court overruled the exceptions filed and ordered that the concursus proceeding be invoked and enjoined the prosecution of all pending suits by the claimants against Lent outside these proceedings.
We prefer to decide this case on the availability of concursus, even though we have serious doubts as to the venue,[1] since if the concursus proceeding be improperly invoked, there is no need to consider the proper venue of the concursus proceeding.
Article 4651 of the Code of Civil Procedure states:
"A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding."
The essence of this article is that the parties impleaded must have competing or conflicting claims. We believe the competition or conflict has to be more than a vying for payment by a single defendant. The concursus procedure should not be tortured into a forced consolidation of all claims, even for multiple jurisdictions, against a single defendant.
The claims against Lent filed by Air Industrie, Lemel and 3P are neither competing nor conflicting; they are all merely adverse to Lent.
Other than the fact that they all arose out of the supplying of structural steel for construction of the Conalco building in Lake Charles, the claims are essentially independent and unrelated. Lent has become involved in multiple litigation across the state, and is evidently trying to find a procedural method to consolidate these cases for trial.
In Landry & Passman Realty, Inc. v. Beadle, Swartwood, Wall & Associates, Inc., 303 So.2d 761 (La.App.1st Cir. 1974), writ refused 307 So.2d 631 (1975), this Court said:
"In a concursus proceeding, the jurisdiction of the court is limited to disposing of the fund on deposit and relieving the stakeholder of further liability to the impleaded claimants, arising out of or as a result of the stakeholder's ownership or possession of the fund."
There is no fund, property or privilege on property in this case from which the various claimants are seeking to be paid. Each has independently filed a suit or counterclaim against Lent for the damages allegedly caused by the fault of Lent. The only thing these claims have in common is that they are adverse to Lent. We conclude, *1037 therefore, that this is not a proper case for imposition of a concursus proceeding.
As a result of this conclusion, there is no need for considering the correctness of the overruling of the exception of venue or the propriety of the injunction.
The judgment of the trial court is therefore reversed, the concursus proceeding is dissolved and the injunction prohibiting Air Industrie, Lemel and 3P from prosecuting their actions against Lent is recalled. Lent is to pay all costs of these proceedings.
REVERSED.
NOTES
[1] The resolution of the question of venue would involve the application of La.R.S. 38:2243, if the contract be considered a public one, or of La.R.S. 9:4802 if the contract be private.