417 So.2d 415 (1982)
PEARSON DISTRIBUTORS, INC.
v.
ST. TAMMANY MOTORS, INC., d/b/a Tammany Dodge.
No. 14939.
Court of Appeal of Louisiana, First Circuit.
June 29, 1982.
Andrew I. Brown, New Orleans, for defendant-appellant.
Christopher M. Smith, Slidell, for plaintiff-appellee.
Before COVINGTON, COLE and WATKINS, JJ.
COLE, Judge.
Plaintiff-appellee, Pearson Distributors, Inc., filed this open account suit against defendant-appellant, St. Tammany Motors, Inc., d/b/a Tammany Dodge, seeking recovery of $1,564.50, plus interest and attorney fees. Defendant responded with an answer and reconventional demand, seeking to convert the matter into a concursus proceeding. Plaintiff then sought to have the reconventional demand dismissed by urging the declinatory exception and the peremptory exception. After a hearing on the exceptions, held July 28, 1981, judgment was rendered and signed denying the declinatory exception but sustaining the peremptory exception, raising the objections of no right of action and no cause of action, and dismissing defendant's reconventional demand. Defendant has perfected a suspensive appeal to this court from the judgment.
The issue presented is whether or not a creditor's ordinary suit on an open account may be converted by the debtor into a concursus proceeding, impleading all other creditors of the debtor for the purpose of having them assert claims against available funds so that the funds may be ratably distributed.
Plaintiff is a trade creditor of defendant. Defendant alleges it has forty-three trade creditors, including plaintiff, and only $7,000 in available funds to satisfy all claims. Defendant contends it is thus entitled, under La.Code Civ.P. art. 4651 et seq., to convert this matter into a concursus proceeding so that the $7,000 may be distributed equitably among all its creditors.
Defendant's allegation in its reconventional demand that plaintiff is one of forty-three creditors asserting claims to a *416 particular $7,000 fund is incorrect. A review of the record reveals plaintiff does not specifically seek recovery out of this or any other particular fund. Thus, even accepting as true defendant's allegation that other creditors have asserted claims against this particular fund, plaintiff itself does not have a competing or conflicting claim to the fund or any part of it. Regardless of whether or not defendant's other creditors are seeking recovery out of a particular fund, plaintiff clearly is not doing so and the requisite of La.Code of Civ.P. art. 4651 that "competing or conflicting claims to money, property, or mortgages or privileges on property" be involved, has not been satisfied.
Additionally, we do not construe plaintiff's claim to even compete or conflict with those of defendant's other creditors. In Lent, Inc. v. Lemel Steel Fabricators, Inc., 340 So.2d 1035 (La.App. 1st Cir. 1976), writ denied 343 So.2d 1075 (La.1977), this Court pointed out that a requisite of La.Code of Civ.P. art. 4651 of competing or conflicting claims by the interpleaded parties requires more than a mere "vying for payment by a single defendant." The fact that all the creditors obviously desire payment from defendant appears, in fact, to be the only thing these creditors have in common with plaintiff. The Court in Lent held that such claims, having in common only their adversity to defendant, were not competing or conflicting within the meaning of La.Code Civ.P. art. 4651.
Appellant argues that one of the purposes of La.Code Civ.P. art. 4651 is to prevent multiple litigation and it should thus be permitted to invoke a concursus proceeding to prevent the filing of forty-three suits against it. It is true that a concursus proceeding may be invoked to prevent multiple litigation, as well as multiple liability. Landry & Passman Rlty., Inc. v. Beadle, S., W. & A., Inc., 303 So.2d 761 (La.App. 1st Cir. 1974), writ refused, 307 So.2d 631 (La.1975). However, we find no authority to support the proposition that this purpose alone eliminates the necessity of complying with the plain requirements of La.Code Civ.P. 4651 et seq., which, as stated above, have not been met in the instant case.
Appellant further argues the present case is analogous to those cases involving competing claims of laborers and materialmen in which concursus proceedings are permitted. In this regard, it suffices to say that such proceedings are the subject of a special statutory provision which is not pertinent herein. La.R.S. 9:4841.
Appellant, having failed to show that plaintiff has any conflicting or competing claim to a particular fund of money, property, or mortgage or privilege on property, does not possess a right of action to invoke a concursus proceeding in the instant suit. More simply stated, as to plaintiff, appellant has no interest in provoking a concursus proceeding. The trial court dismissed properly the reconventional demand.
For the foregoing reasons, the judgment of the trial court is affirmed. Appellant is to pay all costs of this appeal.
AFFIRMED.