WARD, Judge.
The settlors and beneficiaries of the Richard S. Blossman Family Trust urge this appeal disputing the Hibernia National Bank’s invocation of a concursus proceeding and right to injunctive relief.
On October 26,1983 Richard S. Blossman and his children, Amy Ruth Blossman Ill-ing, Ann Rene Blossman Komidor, Richard S. Blossman, Jr., Linda Gail Blossman Sa-lassi and Lane Elizabeth Blossman Perez executed the Richard S. Blossman Revocable Trust. Richard S. Blossman, Sr. is the principal and beneficiary interest owner of a 50% interest in the Trust while his sons and daughters are each principal and beneficiary interest owners of the other 50% interest in the Trust. The Trust Department of First National Bank, Covington, Louisiana was named as Trustee.
Among other things, the Trust document vests the Trustee with the power and authority to sell, pledge, purchase, transfer, convey, mortgage, lease and dispose of the trust property. The document also contains a provision granting a beneficiary the right to terminate his or her interest in the trust estate in whole or part at any time by giving the Trustee thirty days written notice.
Shortly after creation of the trust, First National Bank loaned the trust $250,000. First National Bank, as trustee, executed a promissory note dated September 25, 1987 which matured one year later. To renew the loan, First National Bank as Trustee executed another promissory note on September 25, 1988 in the principal amount of $218,000.00. Securing the debt is a collateral pledge agreement executed by the Trustee and dated September 30, 1988, pledging a 50% interest in the trust to secure payment of the trust’s debt. Securing the note further is a commercial contract of suretyship confected by letter dated September 23, 1987 signed by “Richard S. Blossman.” Both Messrs. Blossman, Sr. and Jr. deny writing or signing this letter; Richard S. Blossman denies that he expressly or tacitly consented to the pledge of his 50% interest in the trust and the Blossmans further argue that the letter, pretermitting whether it is a forgery, is insufficient to satisfy the legal requirements of a commercial suretyship agreement. Nonetheless, the Blossmans and the trust do not deny the existence of a debt.
In November 1988 the Federal Home Loan Bank Board placed First National Bank of Covington into receivership, and the Federal Deposit Insurance Corporation, as receiver, sold First National Bank’s assets to Hibernia. Thus, Hibernia finds itself in the same position as First National Bank of Covington;, it is the Trustee and also a creditor of the trust.
On September 30, 1989 the renewal note matured and the trust defaulted on payment. Consequently, on January 28, 1990 Hibernia National Bank, invoked a concur-sus proceeding, naming as defendants, Hibernia National Bank as Trustee and the Blossmans as income and principal beneficiaries, contending that as Trustee it held *7 property to which Hibernia, as a creditor, and the Blossmans as trust beneficiaries, are making competing claims. Subsequently, the Hibernia Bank as Trustee obtained an order permitting it to deposit the trust’s assets into the registry of the Court.
Responding to Hibernia’s concursus proceeding, the Blossmans filed peremptory and dilatory exceptions of no right of action, no cause of action and lack of procedural capacity. The Trial Court overruled all exceptions. On April 11,1990 the Bloss-mans gave Hibernia as Trustee, a 30 day written notice of the termination of the trust.
Fearing the impairment of security or loss of its right of recovery against the trust, on May 11, 1990 Hibernia as a creditor sought injunctive relief against the Blossmans under La.R.S. 9:2232 and C.C.P. arts. 3601 through 3613. The Court granted Hibernia a temporary restraining order, preventing the termination of the trust.
The Blossmans opposed Hibernia’s application for a Temporary Restraining Order and Preliminary and/or Permanent Injunction, arguing that Hibernia failed to meet the requirements for injunctive relief and reconvened seeking damages resulting from the prevention of the dissolution of the trust. Particularly, the Blossmans contest the validity of the temporary restraining order arguing that because Hibernia failed to furnish security, the temporary restraining order issued improperly without bond. C.C.P. art. 3610. Accordingly, the Blossmans maintain that the trust terminated pursuant to the written notice and hence, the preliminary injunction was moot since the very occurrence the injunction sought to prevent, the dissolution of the trust, in fact occurred, in the absence of a valid temporary restraining order.
As previously noted, the Blossmans opposed the concursus proceeding on exceptions of no cause and no right of action and raised these same exceptions to Hibernia’s petition for temporary restraining order, preliminary injunction and permanent injunction. The trial court overruled all of these exceptions. The Blossmans have appealed the issuance of an injunction and have sought supervisory writs on the rulings on the exceptions. Because the subject matter of the writ application is so closely alligned with issues on appeal, the cases have been consolidated for consideration and determination. For the following reasons, we reverse the rulings on the exceptions of no cause of action.
The peremptory exception of no cause of action (La.Civ.Code Proe. Art. 927(4)) tests the legal sufficiency of the pleadings. Steadman v. Sladovich, 430 So.2d 816 (La.App. 5th Cir.1983). In order for the exception to be maintained, the court must determine whether the law affords any remedy to the plaintiff under the allegations of the petition. Trigg v. Camper Village, Inc., 467 So.2d 17 (La.App. 1 Cir.1985), writ denied, 470 So.2d 121 (La.1985).
LSA-C.C.P. art. 4651 defines a con-cursus proceeding as:
[O]ne in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding.
Concursus in Louisiana is substantially the same as common law interpleader. 48 C.J.S. Interpleader § 7 at 128 (1981). Historically, concursus was generally applied only , in the context of a stakeholder im-pleading claimants to a fund in his possession which was admittedly due. Sarpy, Concursus: Interpleader in Louisiana, 35 Tul-L.Rev. 531, 538 (1961); Austral Oil Company Inc. v. Milliken & Farwell, Inc., 307 So.2d 377, 378-379 (La.App.1st Cir.1974), writ den. 310 So.2d 642 (La.1975). However, with the adoption of the Code of Civil Procedure, the proceeding was broadened to include within its scope the common law interpleader[1] and the bill in the *8 nature of interpleader[2].
48 C.J.S. Interpleader § 7 states in part:
The purpose of the concursus action is to avoid a multiplicity of suits, by providing for a single judgment which will finally adjudicate all the issues between all the parties. The statute was designed for the specific purpose of permitting a debt- or who has money in his possession which is claimed by two or more persons to deposit the money in the registry of the court and thereby relieve himself of further liability without litigating contradictorily the claim of each creditor, and the theory underlying the statute is that the dispute concerning the funds would be litigated among conflicting claimants without involving the stakeholder.
Concursus proceedings have been broadened in scope.... (T)he remedy now affords protection against multiple litigation to those who deny liability in whole or part, but who wish to implead all claimants in one suit. (Emphasis added.)
Hibernia’s petition for concursus does not state a cause of action because the petition does not allege competing or conflicting claims among the beneficiaries, and the Trustee as impleaded defendants to the action. Hibernia and the Trial Court have misconstrued the posture of the parties because Hibernia finds itself in the very questionable dual position as creditor and Trustee.
Reviewing the Petition for Concursus it is readily apparent Hibernia invoked the proceeding as a creditor of the trust and named Hibernia as Trustee and the Bloss-mans as impleaded defendants. Other paragraphs of the petition set forth claims by Hibernia as creditor seeking the $218,-000.00. However, there are no allegations of competing or conflicting claims between the impleaded defendants. In fact, the only appearance in the consursus by Hibernia as the Trustee was to deposit assets of the trust into the registry of the Court.
In Pearson Distributors, Inc. v. St. Tammany Motors, Inc., 417 So.2d 415 (La.App. 1 Cir.1982), a creditor sued on an open account, and the debtor filed a reconven-tional demand seeking to convert the suit to concursus, impleading all the debtor’s other creditors to have them assert claims against the debtor’s available funds. The trial court dismissed the reconventional demand on the grounds of no cause of action and the First Circuit affirmed. The Court found that C.C.P. art. 4651’s requisite of “competing or conflicting claims” was not satisfied because the plaintiff/creditor did not specifically seek recovery out of a particular fund. The Court further held:
Additionally, we do not construe plaintiff’s claim to even compete or conflict with those of defendant’s other creditors. In Lent, Inc. v. Lemel Steel Fabricators, Inc., 340 So.2d 1035 (La.App. 1st Cir.1976), writ denied 343 So.2d 1075 (La.1977), this Court pointed out that a requisite of La.Code of Civ.P. art. 4651 of competing or conflicting claims by the interpleaded parties requires more than a mere “vying of payment by a single defendant.”
In this case, there is not even a “vying of payment by a single defendant”. Hibernia as Trustee, stands in a fudiciary position. As Trustee its duty is to preserve the trust property and defend action that may result in a loss to the trust estate. La.R.S. 9:2091 and 9:2093.
By definition, Hibernia, as Trustee, cannot have any competing claims with beneficiaries of the Trust. Additional support for the Blossmans’ argument that a concursus proceeding is unavailable to Hibernia is found in C.C.P. art. 4652 which provides in part:
Persons having competing or conflicting claims may be impleaded in a concursus proceeding even though the person against whom the claims are asserted *9 denies liability in whole or in part to any or all of the claimants, and whether or not their claims ... have a common origin, or are identical or independent of each other.
The Official Revision Comment of Article 4652 provides in part:
Under the ... above article, the remedy is no longer limited to a stakeholder, or to an obligor who admits his indebtedness but does not know to whom a fund in his hands should be distributed. The remedy may now be used not only to prevent multiple liability, but to prevent multiple litigation, and thus may be used by a person against whom multiple claims are asserted, although liability on some or all of these claims is denied. [Emphasis added.]
The above quoted language indicates that concursus may not be used by Hibernia as a creditor. Thus, not only has Hibernia as a creditor failed to show competing claims between Hibernia as Trustee and the beneficiaries, C.C.P. art. 4651, but it is also unable to show that multiple claims may be asserted against it in its capacity of creditor, precisely because Hibernia is a creditor, not a debtor.
Hibernia, as a creditor, may have a cause of action in a suit on a note, but it does not have a cause of action to invoke a concursus proceeding. Nothing in C.C.P. art. 4651 et seq. denies the right of a defendant to challenge the use of a concur-sus to collect an ordinary secured debt. On the contrary, the Official Revision Comments to C.C.P. art. 4656 make it clear:
(e) Nothing in the above article prevents a defendant from excepting to the plaintiffs petition, to raise the objections of lack of jurisdiction, improper venue, no right to implead the defendant, and so forth.
Because Hibernia has no cause of action for a concursus proceedings, the lower court erred in issuing the temporary restraining order and the injunctions. The injunction not only falls because it is ancillary to the concursus proceeding but also because Hibernia failed under C.C.P. art. 3601, to show irreparable injury may result unless an injunction is granted. Irreparable injury is a loss which cannot be adequately compensated in money damages or which cannot be measured by a pecuniary standard. Terrebonne Parish Police Jury v. Matherne, 405 So.2d 314 (La.1981), cert. denied, 456 U.S. 972, 102 S.Ct. 2234, 72 L.Ed.2d 845 (1982). In addition to a showing of irreparable injury, the party seeking the preliminary injunction must also make a prima facie showing that he will prevail on the merits of the suit. Pogo Producing v. United Gas Pipe Line, 511 So.2d 809 (La.App. 4 Cir.1987), writ denied, 514 So.2d 1164 (La.1987).
In its suit, Hibernia contends that the trust and Richard S. Blossman are liable for payment under a promissory note. These damages by their very nature are readily calculated by determining the unpaid principal and interest on the note. Hence, any loss Hibernia may suffer can be “adequately compensated in money damages” and “measured by a pecuniary standard.” Pogo, supra. Hibernia’s claim for injunctive relief does not meet the “irreparable injury, loss or damage” requirement of C.C.P. art. 3601.
Hibernia also failed to make a prima facie showing it would prevail on the merits of the case. Here again, Hibernia’s dual position causes confusion. In seeking the injunction, Hibernia relied upon La.R.S. 9:2232 of the Louisiana Trust Code as authority. However, injunctive relief under La.R.S. 9:2232 is only available to a trustee, settlor, or beneficiary, and Hibernia has sought injunctive relief as a creditor of the trust.
Hibernia as a creditor is nothing more nor less than a secured creditor by virtue of the pledge of an interest in a trust. The validity of the pledge, or the nature of the security pledged is not now an issue on appeal, but in any event neither of those issues will be affected by the termination of the trust. La.R.S. 9:2046 says:
§ 2046. Effect of revocation or recission
(5) Acts of the trustee with regard to the trust property shall not be affected by the subsequent revocation or recession of a disposition in trust. * * *
*10 Hibernia may proceed to collect the promissory note and to execute on the pledged property, but neither concursus proceedings nor an injunction are permissible.
Our ruling on the exceptions of no cause of action precludes a determination of the other issues presented on appeal and writ application.
For the foregoing reasons, we reverse the lower court and maintain the Bloss-mans’ exceptions of no cause of action as to the petition for concursus and injunctive relief, dismiss the petition for concursus, and dissolve the preliminary injunction. The Clerk of the Civil District Court is ordered to release to the Blossmans the assets of the trust presently held in the registry of the Court. This matter is remanded to the Trial Court for a determination and award of damages and attorney’s fees payable to the Blossmans by Hibernia. Costs of the appeal are assessed to Hibernia.
REVERSED AND REMANDED INJUNCTION DISSOLVED.

. In common law strict interpleader, the inter-pleader plaintiff is a disinterested stakeholder.

. In an action in the nature of interpleader, the interpleader plaintiff is himself a claimant to the fund, either directly or by denying the other claims, although the interest of the plaintiff must not be an interest which he hopes to acquire as a result of litigation but must be a subsisting, vested, equitable interest. 48 C.J.S. Interpleader § 9 (1981).